Rossy García, Juez Ponente
*1161 TEXTO COMPLETO DE LA SENTENCIA
I
El escrito de apelación instado en el caso de epígrafe interesa la revocación de un dictamen emitido el 8 de diciembre de 1994 por el Tribunal de Distrito, Sala de San Juan, Hon. Carlos L. González Reyes, Juez. Exponen los apelantes que mediante la referida decisión, el tribunal de instancia declaró con lugar una "Moción de Desestimación y/o (sic) Sentencia Sumaria" sometida por la parte apelada y decretó la desestimación de la demanda por ellos interpuesta. 
Según exponen los apelantes en el recurso que nos ocupa, el dictamen apelado fue emitido oralmente en cámara durante una vista sobre el estado de los procedimientos, determinación que fue luego informada en corte abierta a los fines de dejar constancia de la misma, lo que quedó recogido en la minuta correspondiente a dicha vista y que fue notificada a las partes. Al así pronunciarse ordenó el tribunal la continuación de los procedimientos en lo que respecta a la reconvención establecida por los apelados, en la que reclaman éstos la suma de $9,245.51 por concepto de cuotas de mantenimiento. Para mayor claridad y por el resultado al que habremos de llegar, procedemos a transcribir dicha minuta, la que reza como sigue: 

"El tribunal a la moción de desestimación y/o sentencia sumaria sometida el día 24 de mayo de 1994 la declara Con Lugar hoy 8 de diciembre de 1994. Notificada a las partes en corte abierta.

La sentencia dictada se hace extensiva a la parte co-demandada A. A. A. Property Managers.

Quedan fuera del pleito en esta etapa la co-demandada Asociación de Condomines (sic) y la codemandada A.A.A. Property Managers.

Expresaron las partes que la etapa actual del caso es la Reconvención exclusivamente ante el local (sic).

Se señala una segunda Conferencia Sobre el Estado de los Procedimientos para el 27 de febrero de 1995 a las 2:30 de la tarde en el Salón de Sesiones 607."

Observamos así que el tribunal de instancia no emitió sentencia parcial alguna por escrito que pudiera ser registrada y notificada a las partes, ni expresó los fundamentos para sustentar su dictamen. En consecuencia y en ausencia de un dictamen final que sea apelable, el recurso instado resulta prematuro. Procede en consecuencia decretar su desestimación.
n
La radicación del escrito de apelación que nos ocupa presupone que la decisión del juez de instancia mediante la cual desestimó sumariamente la demanda por ellos interpuesta es, en estricto derecho, una "sentencia" y que, como tal, constituye una determinación apelable ante este Foro. Sin embargo, en las particulares circunstancias del caso de marras, ni siquiera la interpretación más distendida nos permitiría concluir que el dictamen recurrido alcanza a una "sentencia" apelable. Veamos.
Como sabemos, nuestro ordenamiento procesal civil establece que el término "sentencia" incluye "cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse o solicitarse revisión". Regla 43.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R.l. Nuestro Tribunal Supremo ha sido consistente al interpretar la citada disposición y ha expresado que la sentencia constituye la parte dispositiva, esto es, la parte "donde se adjudican y determinan las *1162 controversias del caso y donde se definen los derechos de las partes", Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 656 (1987); Pueblo v. Hernández Maldonado, 130 D.P.R._(1991), 91 J.T.S. 93, a la pág. 9037, de manera que el litigio queda resuelto en sus méritos y resta tan sólo la ejecución del dictamen. Dalmau v. Quiñones, 78 D.P.R. 551, 556 (1955); Camaleglo v. Dorado Wings Inc., 118 D.P.R. 20, 26 (1986); First Federal Savings Bank v. Nazario González, 141 D.P.R._(1995), 95 J.T.S. 101, escolio 4, a la pág. 1074. Ahora bien, para que una sentencia advenga final y para dar certeza a los fallos judiciales, la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone como sigue:
"Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar o solicitar revisión empezará a correr desde la fecha de dicho archivo."
Observamos así que el dictamen del tribunal declarando o adjudicando los derechos de las partes tiene que ser plasmado por escrito, para poderse luego culminar el trámite formal de archivo, registro y notificación de la sentencia. Basta con señalar que por expresa disposición de la Regla 46, supra, la sentencia no se puede ejecutar, ni comienzan a decursar los términos jurisdiccionales para utilizar los remedios post sentencia y recurrir en alzada si no se cumple con dicho trámite , Asociación de Propietarios v. Santa Bárbara Co., 112 D.P.R. 33 (1982). Véase también, José A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Práctica Apelativa, Publicaciones J.T.S., San Juan, 1995, pág. 37; idem, Práctica Procesal Puertorriqueña: Procedimiento Civil, Publicaciones J.T.S., San Juan, 1986, págs. 223-224. Se persigue con ello evitar confusión e imprecisión en cuanto al momento en que comienza a decursar el término apelativo o de revisión.
Fundamento adicional para requerir del tribunal sentenciador que emita su sentencia por escrito y, en aquellos casos en que sea menester, que consigne en la misma sus determinaciones sobre los hechos específicos así como sus conclusiones de derecho, es que el juez de instancia quede satisfecho de que ha atendido todas las controversias de forma propia y completa, así como permitir a las partes y al foro apelativo estar completamente informados de lo resuelto y de la base de la decisión. Firpo v. Pan American World Airways, 89 D.P.R. 197, 218-219 (19 ). Es por ello que la excepción contenida en la Regla 43.2 a los efectos de que no es necesario hacer determinaciones de hechos ni conclusiones de derecho al resolver mociones bajo la Regla 10 o la Regla 36 de Procedimiento Civil, no alcanza a un relevo de la obligación de emitir la sentencia por escrito y notificar la misma. 
Por otro lado, el dictamen recurrido tampoco cumple con lo dispuesto en la Regla 43.5 de Procedimiento Civil, la que permite que en pleitos donde se incluyen reclamaciones o partes múltiples, pueda el tribunal adjudicarlas individualmente mediante sentencias parciales. En cuanto a este extremo y como bien dispone el párrafo final de dicha Regla, si el tribunal no concluye expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución final del pleito, cualquier dictamen, no importa como se denomine, que adjudique menos del total de las reclamaciones, "no terminará el pleito con respecto a ninguna de las reclamaciones o partes y [el mismo][...] estará sujet[o] a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones y los derechos y obligaciones de todas las partes". Tal es la situación en el caso que nos ocupa donde la ausencia de una sentencia parcial conteniendo tal conclusión y orden expresa, impide que el pronunciamiento del tribunal que es objeto del recurso que nos ocupa advenga final. Como bien se ha resuelto, "[s]i es que se interesa que un dictamen de esta naturaleza pueda advenir final y firme se requiere que haya no sólo una acción afirmativa del tribunal [desestimando la acción], sino que se plasme por escrito mediante la utilización del mecanismo de la sentencia parcial, que dicha sentencia cumpla con los requisitos exigidos en Asociación de Propietarios v. Santa Bárbara Co. [...] y que, naturalmente, copia de la misma sea archivada en autos y notificada a todas las partes". Cárdenas Maxán v. Rodríguez, supra, a la pág. 653.
Recapitulando, evidente resulta de la minuta correspondiente a la vista donde se consignó el dictamen que es objeto del escrito de apelación que nos ocupa, que el tribunal tuvo el propósito al así pronunciarse de finalizar la causa de acción instada por los apelantes. Obviamente tal propósito quedó *1163 frustrado al no cumplir con el trámite procesal dispuesto en las Reglas de Procedimiento Civil vigentes. Corresponde ahora al tribunal de instancia acatar y dar cumplimiento a nuestro ordenamiento procesal para brindar claridad y certeza a su dictamen. Para ello deberá emitirlo por escrito consignando aquellos pronunciamientos que en derecho correspondan, luego de lo cual procederá el Secretario a dar cumplimiento a lo dispuesto en la Regla 46 de Procedimiento Civil. Una vez se verifique el registro, archivo y notificación de la sentencia por el Secretario, comenzarán a decursar los términos jurisdiccionales para utilizar los remedios post sentencia.
Forzoso resulta concluir, a la luz de los principios antes reseñados, que el recurso instado en el caso de epígrafe, mediante el cual se interesa la revocación del pronunciamiento del tribunal emitido en cámara disponiendo la desestimación de la acción instada por los demandantes, resulta prematuro. Procede en consecuencia decretar su desestimación, con instrucciones al tribunal de instancia para que proceda en forma consistente con lo antes expuesto.
III
Por los fundamentos anteriormente consignados se ordena y dispone la desestimación del presente escrito de apelación por resultar prematuro en ausencia de un dictamen final del tribunal de instancia que sea apelable. Procederá ahora dicho foro en forma consistente con lo antes expuesto, luego de lo cual quedará libre el derecho de las partes afectadas por el mismo para interponer el recurso que en derecho corresponda en etapa de revisión judicial.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 96 DTA 297
1. Véase Apéndice del Escrito de Apelación, exhibit 2, págs. 11 a 43.
2. Significativo nos resulta que el tribunal de instancia al decretar la desestimación de la demanda en corte abierta, no reconoce distinción alguna ni indica si acogió la moción de los apelados como una de desestimación a como una de sentencia sumaria.
3. Véase Apéndice del Escrito de Apelación, págs. 207-208.
4. Nótese que para que comience a correr el término de apelación, se requiere el acto formal del archivo en autos de copia de la notificación de la sentencia final. De León Velázquez v. Frito Lay’s, Inc., 107 D.P.R. 46 (1978).
5. Tampoco es necesario consignar determinaciones de hecho o conclusiones de derecho en casos de rebeldía; cuando las partes así lo estipulen; o cuando por la naturaleza de la causa de acción o el remedio concedido en la sentencia, el tribunal así lo estimare. Regla 43.2 de Procedimiento Civil, supra.
6. Como el propio texto de la regla lo indica, tal relevo sólo alcanza a la obligación de consignar los hechos pertinentes y los fundamentos legales en que está apoyado el dictamen del tribunal al emitir su sentencia, toda vez que, al declarar con lugar una moción bajo la Regla 10, el tribunal no ha tenido que escuchar prueba ajena a las alegaciones. Tampoco cuando se adjudica una moción de sentencia sumaria, pues de ésta y de su contestación, si alguna, debe surgir la inexistencia de controversia real sobre los hechos materiales. Cuevas Segarra, Práctica Procesal Puertorriqueña; Procedimiento Civil, supra, pág. 229.
7. La Regla 43.5, según aclarado en Asociación de Propietarios v. Santa Bárbara Co., supra, págs. 39-40, debe leer del modo siguiente:

"Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra co-parte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que 
*1164
concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.

Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que a ella respecta los términos dispuestos en las Reglas 47, 48 y 53.

En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones o los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones y los derechos y obligaciones de todas las partes."

Véase también Dummont v. Inmobiliaria Estado, Inc., 113 D.P.R. 406, 414 (1982), donde se reitera el texto, según aclarado por el Tribunal Supremo en Asociación de Propietarios v. Santa Bárbara, Co., supra.