ENRIQUE GONZÁLEZ JIMÉNEZ, demandante y apelante, *v.* LUGO Y CÍA., GUSTAVO A. y UBALDO LUGO RAMÍREZ, demandados y apelados.

Número 11091.

*Sometido:* 5 de noviembre de 1953. *Resuelto:* 30 de noviembre de 1953.

*R. V. Pérez Marchand,* abogado del apelante; *Antonio Figue-roa Rivera,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Nos piden los demandados que desestimemos la apelación interpuesta por el demandante. De los autos surge que el tribunal a quo dictó sentencia con fecha 3 de julio de 1953; que esa sentencia fué notificada a las partes el día 7 siguiente y que el 9 del mismo mes el Secretario archivó en autos su notificación; que el 22 de julio el demandante solicitó la reconsideración de la sentencia y que dicho tribunal dió curso (*entertained*) a esa moción, señalando la vista de la misma para el 17 de agosto a las 9 de la mañana; que en 10 de agosto, o sea dentro del término que la ley le concede para ello pero antes de oírse y de resolverse definitivamente la referida moción de reconsideración, los demandados apelaron para ante nos de la aludida sentencia; que en 18 de agosto el tribunal a quo dictó *resolución* declarando con lugar la moción de reconsideración únicamente en el sentido de reconocer que en su sentencia había incurrido en un error matemático, puesto que en vez de referirse en su sentencia a la suma de $8,896.11, debió hacerlo a la de $8,796.11,

y sin lugar en todos sus demás extremos; que al resolver una moción de los demandados, ocho días más tarde dicho tribunal dictó otra resolución aclaratoria en que indicó que la resolución de 18 de agosto "no tiene otro alcance que corregir un error aritmético cometido al restar dos sumas, sin que en forma alguna altere las conclusiones de hecho y de derecho a que llegó el tribunal en su sentencia"; y que el 26 de agosto el demandante presentó un escrito de apelación en el cual manifiesta que "no estando conforme con la sentencia final dictada por el tribunal en este caso con fecha 18 del mes en curso, apela de la misma en todas sus partes para ante el Hon. Tribunal Supremo de Puerto Rico." Ésa es la apelación cuya desestimación se interesa.

La médula de las contenciones de los demandados es que la apelación por ellos interpuesta en agosto diez privó de jurisdicción al tribunal sentenciador; que, en su virtud, éste carecía de facultad para proseguir con la moción de reconsideración, teniendo, a su juicio, la resolución de 18 de agosto tan sólo el alcance de una orden *nunc pro tunc* que corrigió un mero error aritmético; y que como resultado de todo ello la apelación interpuesta en 26 de agosto lo fué tardíamente. No estamos de acuerdo.

Innegable es que en varios casos hemos resuelto que de conformidad con lo preceptuado por el artículo 297 del Código de Enjuiciamiento Civil (¹) una apelación interpuesta contra la sentencia dictada priva al tribunal sentenciador de potestad para conocer de una moción de reconsideración. *Guilhon & Barthelemy* v. *Corte*, 64 D.P.R. 303; *Sierra, Comisionado* v. *Blondet*, 70 D.P.R. 214, 217; *Escalera* v. *Armenteros*, 74 D.P.R. 11, 16, nota 5. Empero, esos casos son claramente distinguibles del presente. En el primero la

---

(¹) El artículo 297 del Código de Enjuiciamiento Civil dispone:

"Formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

moción de reconsideración se presentó con anterioridad a la fecha en que se radicó el escrito de apelación, pero el tribunal no actuó sobre tal moción hasta después de haberse apelado. En el segundo la reconsideración se solicitó el mismo día que se radicó el escrito de apelación, mas el tribunal no actuó sobre tal moción hasta cuatro días después; y en el tercero la reconsideración se pidió con posterioridad a la fecha en que se instó la apelación. Bajo esas circunstancias, el tribunal sentenciador careció de facultad en todos ellos para considerar las mociones de reconsideración presentádasle. La situación aquí es distinta. Cuando los demandados instaron su recurso de apelación en este caso, ya la moción de reconsideración del demandante había sido presentada y el tribunal a quo había señalado fecha para oír a las partes sobre la misma. (²) El señalamiento para vista de la moción de reconsideración tuvo el efecto de darle curso a la misma—*Guilhon & Barthelemy* v. *Corte*, supra, y *Cía. Cervecera de P. R.* v. *Tribl. Contribuciones*, 69 D.P.R. 89, 92—y el de suspender el término para apelar de la sentencia ya dictada. Así lo dispone de manera clara y taxativa el artículo 292 del Código de Enjuiciamiento Civil, tal cual el mismo fué enmendado por la Ley núm. 67 de 8 de mayo de 1937, página 199. Ese artículo reza en la actualidad así:

"Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.

"Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o

---

(²) De los autos que se hallan ante nos no se desprende la fecha en que se dictó la orden señalando para vista la moción de reconsideración. Sin embargo, según la propia moción para desestimar, dicha orden fué dictada con anterioridad al 10 de agosto de 1953, fecha en que los demandados radicaron su escrito de apelación.

dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición ex-parte para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. La corte deberá resolver la moción de reconsideración dentro de los cinco (5) días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este código, como si no se hubiese presentado petición alguna de revisión o reconsideración. *Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal.*" (Bastardillas nuestras.)

Toda vez que en este caso la moción de reconsideración fué presentada dentro del término de 15 días de archivada en autos la notificación de la sentencia y a la misma se le dió curso con anterioridad al 10 de agosto—fecha en que se entabló por los demandados su recurso de apelación—el tribunal a quo estaba facultado para continuar conociendo de la moción de reconsideración presentádale, no surtiendo efecto alguno en cuanto a tal facultad la presentación del escrito de apelación de 10 de agosto por los demandados. Conforme dispone el estatuto, una vez que el tribunal sentenciador resuelve oír a las partes sobre una moción de reconsideración "el término para apelar se computará. desde la fecha el archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal." Como no fué hasta el 18 de agosto que el tribunal a quo dictó resolución definitiva sobre la moción de reconsideración y como el secretario no notificó de la misma a las partes hasta el 19, es esta última fecha la que sirve de punto

de partida para la computación del término para apelar. Siendo éste de 30 días—artículo 295 del Código de Enjuiciamiento Civil, inciso 1—la apelación interpuesta en 26 de agosto, lo fué oportunamente.

Fué, desde luego, un error del demandante referirse en su escrito de apelación a "la sentencia final dictada . . . con fecha 18 del mes en curso." Lo que se dictó en ese día fué la resolución declarando en parte con lugar y en parte sin lugar la moción de reconsideración. Sin embargo, es claro que el propósito del demandante fué apelar de la sentencia de 3 de julio según había quedado modificada—a cuya reconsideración, como antes hemos indicado, se había dado curso— y no de la resolución de agosto 18. Tal sentencia era, por supuesto, apelable y según hemos indicado, la apelación contra ella se interpuso en tiempo.[3]

*Debe declararse sin lugar la moción.*

---

[3] La núm. 3 de las Reglas para la Administración del Tribunal de Primera Instancia, preceptiva en parte de que "la vista sobre una moción se celebrará el primer viernes después de transcurridos siete días de su radicación" no es aplicable a mociones de reconsideración, ya que éstas pueden ser declaradas de plano sin lugar o señaladas para vista a discreción del juzgador, de acuerdo con los méritos de las mismas.