DAVID SUÁREZ MENÉNDEZ y NORMA NELLY NEGRÓN, demandantes y recurrentes, *v.* FLAMINGO HOMES, INC., demandada y recurrida.

*Número:* R-74-266     *Resuelto:* 17 de octubre de 1974

*Benicio Sánchez Castaño, Benicio Sánchez Rivera y Fausta G. Sánchez de Del Toro,* abogados de los recurrentes; *Agrait,*

*Otero & Oliveras,* abogados de la recurrida.

PER CURIAM: El 15 de mayo de 1974, el Tribunal Superior, Sala de San Juan, dictó sentencia en el caso civil número 65–234, a favor de la parte demandante. Al otro día, 16 de mayo de 1974, se archivó en los autos del caso una copia de la notificación de la sentencia. El 30 de mayo de 1974, el demandante recurrente radicó una Moción de Reconsideración ante dicho tribunal. El 31 de mayo de 1974, el demandado se opuso a dicha Reconsideración. (¹) El tribunal de instancia decretó "NO HA LUGAR" a la Moción de Reconsideración el primero de julio de 1974, o sea, 46 días después del archivo en autos de la copia de la notificación de la sentencia.

Partiendo del día 2 de julio de 1974, que es la fecha del archivo en autos de la notificación del "NO HA LUGAR" a la Moción de Reconsideración, es que el recurrente cuenta los 30 días que le concede la Regla 53.1(b) de las de Procedimiento Civil para radicar su recurso de revisión. El 5 de septiembre de 1974, dictamos una Resolución decretando "no ha lugar por falta de jurisdicción" en el presente caso. De dicha Resolución nos pide Reconsideración la parte recurrente y alega lo siguiente:

"Dicha Resolución, respetuosamente entendemos, es contraria a la jurisprudencia establecida en los casos de Marcano y Fernández citada por los recurrentes en su Moción de Oposición y al caso de González vs. Lugo & Cía., 75 D.P.R. 502.

Si bien es cierto que transcurrieron 46 días para que el Hon. Tribunal decidiera la Moción de Reconsideración, la verdad es que si la decidió en contra de los recurrentes, al así hacerlo el término de apelación quedó interrumpido.

Este Hon. Tribunal Superior ha resuelto que cuando una Corte le da curso a una Moción de Reconsideración, *el término para apelar de la Sentencia dictada en el caso empieza a contar a partir de la fecha en que se archiva en autos por el Secretario*

---

(¹)Tomamos las fechas de la Moción de Reconsideración y de la Oposición, de la Moción de Desestimación por Falta de Jurisdicción radicada por la recurrida el 14 de agosto de 1974.

*del Tribunal copia de la notificación a la parte perdidora* ·[sic]
*de la Resolución que en definitiva se dicte sobre tal moción.*
González v. Lugo & Cía., 75 D.P.R. 502."

Nuestra Resolución no es contraria a los casos de *Marcano*
v. *Marcano*, 60 D.P.R. 351 (1942), *Luengo* v. *Fernández*, 83
D.P.R. 636 (1961) y *González* v. *Lugo & Cía.*, 75 D.P.R. 502
(1953). La regla en controversia lee así:

. "Regla 47. DE LA RECONSIDERACION

La parte agraviada por la sentencia o por una resolución
podrá, dentro del término de 15 días desde la fecha del archivo
en los autos de una copia de la notificación de la sentencia,
o dentro del término de 5 días desde la fecha del archivo en
los autos de una copia de la notificación de haberse dictado la
resolución, presentar una moción de reconsideración de la sen-
tencia o de la resolución. El tribunal, dentro de los 5 · días de
haberse presentado dicha moción, deberá rechazarla de plano o
señalar vista para oir a las partes. Si la rechazare de plano,
el término para apelar se considerará como que nunca fue
interrumpido. Si señalare vista para oir a las partes, el término
para apelar empezará a contarse desde la fecha en que se ar-
chiva en los autos una copia de la notificación de la resolución
del Tribunal resolviendo definitivamente la moción. Si el· tri-
bunal dejare de tomar alguna acción con relación a la moción
de reconsideración dentro de los 5 días de haber sido presentada,
se entenderá que la misma ha sido rechazada de plano." 32
L.P.R.A. Ap. II, R. 47.

En el caso de *Marcano*, (²) supra, se solicitó la reconside-
ración en 4 de marzo y se señaló para ser vista el 7 de marzo.
El 29 de marzo el tribunal de instancia resolvió declarar no
ha lugar a la reconsideración. Este es un caso distinto al
que tenemos ante nos, pues allí el tribunal actuó dentro de
los 5 días que le concede la Regla, señalando la Moción para
vista. Es claro que el término para apelar se interrumpió.
El hecho de que allí dijéramos que el "término ·de 5 días

---

(²) A la fecha en que resolvimos este caso estaba vigente el Art. 292
del· Código de Enjuiciamiento Civil, según fue enmendado por la Ley Núm.
67 del 8 de mayo de 1937 (Leyes de 1937, pág. 199).

dentro del cual la corte 'deberá resolver' la moción de reconsideración, no es un término fatal de carácter jurisdiccional y sí puramente directivo," no quiere decir que el tribunal de instancia podía actuar, ya bien sea señalando la moción o declarándola con lugar y sin lugar, luego de pasados los 30 días del archivo en autos de una copia de la notificación de la sentencia, porque actuaría sin jurisdicción. Dijimos que no era un término jurisdiccional porque bien puede actuar sobre la moción después de pasados los 5 días, siempre y cuando no haya expirado el término de 30 días, que concede la Regla 53 de las de Procedimiento Civil para interponer una apelación o revisión. Así mismo lo expresamos en dicho caso, al decir en la pág. 353 que:

"De acuerdo con el citado artículo 292, si la corte inferior hubiese rechazado la moción de plano, dentro o fuera del término de cinco días, en ese caso el término de 30 días que los demandantes tenían para apelar (artículo 295 C. de E. C. y sección 2 ley de 9 de marzo de 1911) tendría que computarse desde la fecha del archivo de la notificación de la sentencia, tal y como si no se hubiese presentado moción alguna de reconsideración. La parte que solicita la reconsideración lo hace a riesgo de perder su derecho de apelación, por expiración del término estatutario, si su moción es rechazada de plano por falta de méritos. Y su única protección contra tal riesgo es apelar a tiempo, sin esperar a que la corte actúe, rechazando de plano o señalando la moción, pues debe siempre tenerse presente que el verdadero propósito del estatuto es evitar que se recurra a mociones de reconsideración frívolas y carentes de méritos, con el solo propósito de dilatar la ejecución de la sentencia."

En el caso de *Luengo*, supra, "la sentencia se dictó el 8 de febrero de 1957 y la notificación fue archivada el día 19 siguiente, el demandado presentó una moción de reconsideración el día 21 y se celebró una vista sobre ella el 8 de marzo. Ese mismo día, el tribunal dictó 'no ha lugar' a la moción de reconsideración y el próximo día 14 el demandado sometió su escrito de apelación y así privó al tribunal de

su autoridad sobre el pleito." Obviamente en este caso el tribunal de instancia tenía jurisdicción para dictar el "no ha lugar", pues se concedió una vista que interrumpió el término para apelar.

Por último, el caso de *González* v. *Lugo & Cía.*, supra, es distinguible también del caso ante nos porque allí se dio curso (*entertained*) a la moción de reconsideración, ya que el Tribunal la señaló para vista antes de expirado el término de 30 días para radicar la apelación.

La controversia que tenemos ante nos, la aclaramos anteriormente, en el caso de *El Mundo, Inc.* v. *Tribunal Superior*, 92 D.P.R. 791, 801 (1965), donde dijimos: "Sin embargo, opinamos ahora que una vez presentada en tiempo la moción de reconsideración, y resuelta por el Tribunal declarándola sin lugar de plano, bien por acción afirmativa o bien por inacción dentro de los 5 días de su presentación, el Tribunal no queda privado de su facultad para reconsiderar esa actuación suya si considera que en realidad la moción de reconsideración plantea una cuestión sustancial y meritoria y que en bien de la justicia debe señalar una vista para oir a las partes, *siempre que ya no se le haya privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o de revisión o no haya expirado el término para interponer dichos recursos.*" (Bastardillas nuestras.)

■ Una vez presentada una moción de reconsideración, los tribunales pueden:

a) Dentro de los 5 días de haberse presentado dicha moción, rechazarla de plano o señalar vista para oir a las partes. Actuar dentro de dichos 5 días, señalándola o denegándola, es lo ideal porque así las partes saben a qué atenerse. Se llama la atención a los secretarios de las diferentes salas del Tribunal de Primera Instancia, que deben dar estricto cumplimiento a la Regla 12.1 de las de Administración del Tribunal de Primera Instancia, que lee así:

"Regla 12.1. Sumisión de mociones de reconsideración al juez

Cuando se radicare una moción solicitando la reconsideración de una sentencia, orden o resolución, el secretario deberá dar cuenta de la misma al juez que la hubiere dictado, al juez que le sustituyere, o al juez administrador, *a más tardar dentro de las 24 horas de su presentación.*" (Bastardillas nuestras.) Práctica Forense Puertorriqueña, Tomo I, pág. 411.

b) Luego de pasados dichos 5 días, puede el tribunal *señalar la moción para vista;* o decretar "no ha lugar" o "con lugar", siempre y cuando no haya pasado en exceso el término de 30 días del archivo en autos de una copia de la notificación de la sentencia. Si la señala para vista, el término de apelación o revisión se interrumpe.

En el caso ante nos, se radicó en tiempo la Moción de Reconsideración; el tribunal no hizo nada antes de que expirara el término de los 30 días, por lo tanto se entiende como rechazada de plano la moción y como no interpuso el recurrente su recurso en tiempo, no tenemos jurisdicción para expedir el auto de revisión. El hecho de que el juez de instancia diera un "no ha lugar" a la moción de reconsideración, luego de pasado el término para apelar, no nos da jurisdicción, pues dicha actuación se llevó a cabo cuando el tribunal de instancia ya no tenía jurisdicción, sobre el presente caso. La situación sería la misma si transcurridos los 30 días, hubiera señalado la moción para vista, o la hubiera declarado con lugar. La sentencia ya era final e inapelable.

En mérito de lo antes expuesto, *no ha lugar a la Moción de Reconsideración de la parte recurrente, de fecha 10 de septiembre de 1974.*

El Juez Asociado, Señor Irizarry Yunqué, concurre con el resultado, sin opinión.