JUAN RAMÓN DE LEÓN VELÁZQUEZ Y SU ESPOSA RAFAELA ROMÁN MARRERO, demandantes y recurridos, *v.* FRITO LAY'S, INC.; JUAN DEL PUEBLO; HIRAM COLÓN, JOHN DOE Y RICHARD DOE, demandados y recurrentes.

*Número:* R-77-455      *Resuelto:* 21 de marzo de 1978

---

*José G. Rolón Rivera,* abogado de los recurrentes; *Hugo Rubén Félix,* abogado de los recurridos.

PER CURIAM: El 14 de octubre de 1975, en horas de la tarde, la Sra. Rafaela Román Marrero llegó a terrenos de un centro comercial conduciendo un automóvil. Al estacionarlo lo hizo en un lugar contiguo a un área de rodaje. No empece haber observado por el espejo retrovisor del automóvil que se acercaba por dicha área otro vehículo de motor, abrió la puerta para desmontarse, dejando poco espacio para pasar al vehículo que se acercaba. El conductor de este vehículo vio el de la Sra. Román Marrero y continuó su marcha sin anticipar que la señora abriría la puerta en la forma en que lo hizo. Así se produjo un choque del vehículo de la parte demandada con la puerta del de doña Rafaela. El impacto produjo un golpe en el abdomen a dicha señora, que se encontraba embarazada, lo cual le causó que sangrara vaginalmente, temor de perder la criatura, y se vio obligada a guardar cama y mantenerse en absoluto reposo bajo atención médica.

El tribunal de instancia determinó que el accidente fue causado por la negligencia concurrente de ambos conductores, y que el conductor del vehículo de la demandada incurrió en un 75% de dicha negligencia. Estimó en $6,000 el valor de los sufrimientos físicos y mentales de doña Rafaela y en $1,000 los de su esposo codemandante, para un total de $7,000,

y condenó a la demandada a pagarles la cantidad de $5,250 menos $1,000 deducibles bajo la Sec. 9 de la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. sec. 2058. La condenó, además, al pago de las costas y $200 de honorarios de abogado. No conforme, la demandada ha recurrido.

Por resolución de 4 de enero de 1978 concedimos plazo a los recurridos para mostrar causa por la cual no debamos expedir el auto solicitado y modificar dicha sentencia a los fines de fijar en 75% la negligencia de la demandante Rafaela Román Marrero y en un 25% la del conductor del vehículo de la demandada recurrente, y eliminar la partida de honorarios. Los recurridos han comparecido mediante escrito en que (1) impugnan nuestra jurisdicción por entender que el recurso fue instado tardíamente ante nos, y (2) en su defecto, sostienen que no debemos alterar los por cientos de negligencia concurrente.

En cuanto a la falta de jurisdicción, surge del expediente ante nos que la sentencia del tribunal de instancia fue dictada el 30 de junio de 1977 y que el 1 de julio de 1977 se archivó en autos copia de su notificación. La parte demandada solicitó oportunamente la reconsideración y el tribunal señaló dicha moción para vista para el 13 de septiembre de 1977. En esa fecha comparecieron las partes y argumentaron sus contenciones. El 26 de octubre de 1977 el tribunal dictó resolución en que modificó su sentencia a los fines de ordenar la deducción ordenada por la citada Ley de Protección Social, cosa que había omitido. El día siguiente, 27 de octubre, se notificó a las partes por correo con copia de dicha resolución. Pero no se hizo constar en la notificación la fecha del archivo en autos de copia de la resolución, lo cual se hizo el 25 de noviembre de 1977 luego de una moción al efecto presentada por la parte demandada. Esta presentó ante nos su petición de revisión el 15 de diciembre de 1977.

■ Sostiene la parte recurrida que el plazo de 30 días para recurrir contra la sentencia debe contarse desde la notificación de la resolución el 27 de octubre. Señala en apoyo de su contención que la costumbre seguida en estos trámites judiciales es notificar las resoluciones con una nota al calce, sin acompañarlas de la forma regular de notificación de las sentencias, es decir, sin informar a las partes del archivo en autos de copia de la resolución. Si esa ha sido práctica seguida, debe descontinuarse. La Regla 47 de las de Procedimiento Civil es clara. Dice así:

"La parte agraviada por la sentencia o por una resolución podrá, dentro del término de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o dentro del término de 5 días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, presentar una moción de reconsideración de la sentencia o de la resolución. El tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para oír a las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. Si señalare vista para oír a las partes, el término para apelar empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano."

■ Como puede verse, el término de 30 días para presentar la petición de revisión de una sentencia en que ha mediado una solicitud de reconsideración oportunamente presentada y que ha sido objeto de consideración por el tribunal, comienza a contar "desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción." Se refiere la regla, por supuesto, a la moción de reconsideración. Así lo habíamos resuelto antes de la adopción de las Reglas de Procedimiento Civil actualmente vigentes. Véanse *González* v. *Lugo & Cía.*, 75 D.P.R.

502 (1953) y *Marcano* v. *Marcano*, 60 D.P.R. 351 (1942).
El lenguaje de la Regla 47, antes transcrita, no ha variado
tal norma. Habiéndose presentado la solicitud de revisión el
15 de diciembre, no había vencido el término de 30 días, que
comenzó a contar desde el 25 de noviembre, fecha en que se
archivó en autos copia de la resolución que resolvió la moción
de reconsideración.

En cuanto a los méritos del recurso, la parte recurrida no
nos persuade de que variemos el resultado intimado en nues-
tra orden para mostrar causa. *Se expedirá el auto solicitado
y se modificará la sentencia de acuerdo con los términos de
esta opinión.*

El Juez Presidente Señor Trías Monge y el Juez Aso-
ciado Señor Rigau no intervinieron.