ELBA LUIS, NINA LUIS, RAMON L. LUGO,
ELBA LUGO, RAMÓN LUIS LUGO
Apelados

v.

HOSPITAL METROPOLITANO, RADIATION
ONCOLOGY CENTER, INC., DR. V.A. MARCIAL Y OTROS
Apelantes

Núm. KLAN-95-00219

San Juan, Puerto Rico, a 20 de abril de 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda de Hostos.

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante recurso de apelación presentado el 17 de marzo de 1995, el Dr. Víctor A. Marcial Burgos nos solicita enmendar la sentencia dictada el 4 de noviembre de 1994 por el Tribunal Superior, Sala de San Juan, desestimando la demanda sin perjuicio.

Se trata de una acción en daños y perjuicios por impericia médica instada por la Sra. Elba Luis y otros contra el doctor Marcial Burgos. Ante el incumplimiento de los demandantes de anunciar su perito médico, a pesar de las amplias oportunidades concedidas por el tribunal, éste dictó sentencia desestimando la demanda sin perjuicio. Inconforme, el doctor Marcial Burgos solicitó el 18 de noviembre se enmendara *nunc pro tunc* la sentencia a los fines de que se eliminara el término *"sin perjuicio"* o se sustituyera por *"con perjuicio"*. El 18 de febrero de 1995 el tribunal dictó resolución declarando sin lugar su solicitud. (Anejo IX del Recurso, pág. 24).

De esa resolución acude ante nos el doctor Marcial Burgos planteando que el Tribunal Superior erró al desestimar la demanda sin perjuicio, toda vez que conforme al ordenamiento procesal vigente procedía su desestimación con perjuicio.

Examinado el expediente, concluimos que procede la desestimación del presente recurso de apelación por falta de jurisdicción.

El propósito de la solicitud de enmienda *nunc pro tunc* del doctor Marcial Burgos era la corrección de un error de derecho, toda vez que planteaba el efecto de cosa juzgada que tendría una desestimación *"con perjuicio" vis a vis* una *"sin perjuicio"* como lo dispuso el Tribunal Superior en la sentencia del 4 de noviembre de 1994.

La Regla 49.1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, permite la corrección *nunc pro tunc* de errores de forma en una sentencia, resolución u orden, en cualquier momento■ Sin embargo, esta regla no puede utilizarse como sustituto del recurso de apelación o revisión, toda vez que alegados errores de derecho, como en este caso, no pueden alterarse bajo el palio de ésta. J. Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* Publicaciones J.T.S., 1979, Análisis Editorial, págs. 265-266.

En vista de lo anterior, la solicitud del doctor Marcial Burgos realmente era una de reconsideración. Tomada como tal, ésta no tuvo el efecto de paralizar el término jurisdiccional de treinta (30) días para la presentación del recurso de apelación. Regla 53.1 (a), *supra*. La Regla 47 de las de Procedimiento Civil dispone que cuando una moción de reconsideración es rechazada de plano, el término para apelar se considerará como que nunca fue interrumpido.

En este caso el tribunal de instancia no tomó acción alguna sobre la solicitud dentro del término de diez (10) días antes aludido, por lo que la solicitud se entendió rechazada de plano y el término para apelar nunca fue interrumpido, venciendo el 14 de diciembre de 1994■ El hecho de que el tribunal denegara la solicitud el 8 de febrero de 1995, tampoco tuvo efecto paralizador. Por el contrario, constituyó una actuación sin jurisdicción, irrevisable por este tribunal por haber sido efectuada vencido el término para apelar, es decir, cuando la sentencia había advenido final e inapelable. *Suárez v. Flamingo Homes, Inc.,* 102 D.P.R. 664, 669 (1974); *El Mundo v. Tribunal Superior,* 92 D.P.R. 791 (1965).

En síntesis, la presentación de este recurso el 17 de marzo de 1995 fue tardía y nos priva de jurisdicción.

Por los fundamentos antes expuestos, se desestima la apelación de epígrafe por falta de jurisdicción apelativa.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz<br>Secretaria General

**ESCOLIOS 95 DTA 59**

1. Por errores de forma se entienden cálculos matemáticos, nombre y edad de una persona, entre otros.

2. La sentencia desestimatoria fue notificada el 14 de noviembre de 1994.