# 96 DTA 142

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE PONCE Y AIBONITO**
**PANEL II**

EMPRESAS TITO CASTRO, INC. Y OTROS
Recurridos
v.

ADAIN RODRIGUEZ Y OTROS
Peticionarios

Núm. KLAN-95-00594

San Juan, Puerto Rico, a 24 de septiembre de 1996

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Sánchez Martínez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Se trata de una apelación de una resolución dictada por el anterior Tribunal Municipal, Sala de Ponce, instada ante el entonces Tribunal Superior, la cual nos fue referida de conformidad con lo dispuesto en el Art. 9.004, inciso (b), de la Ley de la Judicatura de 1994, Ley de 28 de julio de 1994, 4 L.P.R.A. sec. 23f (Supl. 1996). La controversia que plantea el recurso es si el tribunal sentenciador se equivocó al denegar una moción de relevo de sentencia parcial final fundada en la nulidad de dicho dictamen sin haber celebrado vista evidenciaria al efecto y haberle atribuido presunción de corrección a hechos procesales que no constan en los autos del caso. Por las razones que prosiguen se revoca la resolución recurrida.

El 24 de junio de 1993, Empresas Tito Castro, Inc. presentó una demanda en cobro de $1,780 al amparo del procedimiento sumario de la Regla 60 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.60. En el epígrafe de dicha demanda se incluyeron como demandados a Ponce Office Supplies y al Sr. Adaín Rodríguez y esposa, por sí y en representación de la sociedad legal de gananciales compuesta por éste y su esposa Jane Roe. Días después, el 1ro. de julio de 1993 la secretaría del tribunal de primera instancia expidió una citación dirigida a: *"Sr. Adaín Rodríguez y esposa, por sí y en representación de la sociedad legal de gananciales compuesta por éste y su esposa Jane Roe".* Se desprende del dorso del original de la citación unida a los autos, que en esa misma fecha se remitieron las copias de la citación **al abogado de la parte demandante. Lic. Edgardo Santiago Lloréns.**

El 28 de julio de 1993, se celebró la vista en sus méritos en el Tribunal recurrido. La parte demandada no compareció. El 1ro. de septiembre de 1993 el tribunal *a quo* dictó sentencia parcial a favor de la parte demandante. En su dictamen el Tribunal Municipal indicó que los co-demandados Adaín Rodríguez y esposa no comparecieron a pesar de haber sido debidamente notificados del señalamiento. Sin embargo, expresó no tener jurisdicción en cuanto a la sociedad de bienes gananciales compuesta por éstos, toda vez que la citación a ellos dirigida fue devuelta por el correo. En cuanto a la entidad Ponce Office Supplies expresó que no tenía jurisdicción porque no se había expedido citación para ésta. El 21 de octubre de 1993 se archivó en los autos del caso copia de su notificación.

La parte demandante presentó oportunamente una moción de reconsideración de la sentencia parcial antes indicada en cuanto a la sociedad de bienes gananciales argumentando que la notificación de la acción a uno sólo de los cónyuges era suficiente.

Por su parte, el 22 de noviembre de 1993, los demandados Adaín Rodríguez y su esposa, presentaron una moción de nuevo juicio. En ella sostuvieron que no habían recibido copia de la demanda presentada. Además alegaron que habían pagado a la parte demandante la sumas reclamadas. La parte demandante compareció a oponerse a la solicitud de nuevo juicio.

El 19 de abril de 1994, de acuerdo con la minuta de ese día, se celebró una vista en la cual el Tribunal escuchó los argumentos de los abogados de las partes y, sin oír prueba alguna, denegó la moción de nuevo juicio. ■

El 19 de mayo siguiente la parte demandada presentó un escrito de apelación en el que solicita la revisión de la resolución que denegó su solicitud de nuevo juicio. Le imputa al tribunal *a quo* haber cometido dos errores: (1) asumir jurisdicción sobre una parte que no fue notificada de la acción y (2) denegar la moción de nuevo juicio o de relevo de sentencia.

Comenzaremos por decir que el recurso apropiado para revisar la denegatoria de una moción de relevo de sentencia es el *certiorari*, no la apelación, y por tal razón acogemos este recurso como lo que es, como un *certiorari. Ortalaza v. F.S.E.*, 116 D.P.R. 700, 702 n.1 (1985); *González v. Cháves,* 103 D.P.R. 474, 475 n.1 (1975).

Aunque titulada moción de nuevo juicio, la moción presentada el 22 de noviembre de 1993 debió ser considerada como lo que era: como una solicitud de relevo de sentencia al amparo del inciso (4) de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R.49.2. Cf., *Barreto v. Sherris Caribbean, Inc.*, 92 D.P.R. 859 (1965). A tenor con dicho inciso se puede solicitar del tribunal que releve a una parte de los efectos de una sentencia cuando pueda demostrarse que tal sentencia es nula. *Banco Santander v. Fajardo Farms. Inc.* ___ D.P.R. ___ (1996), **96 J.T.S. 100.** En fundamento de nulidad invocado es que la parte demandada nunca fue citada y, por ende, el tribunal *a quo* no adquirió jurisdicción sobre su persona.

En la sentencia parcial objeto de la solicitud de relevo, el tribunal recurrido hizo constar que los co-demandados *"Adaín Rodríguez y esposa"* habían sido citados pero que no comparecieron. Por tal razón dictó sentencia parcial final contra éstos. No sabemos de dónde el tribunal recurrido obtuvo la información para concluir, sin recibir prueba, que los esposos Rodríguez habían sido notificados. La minuta sólo indica que la jueza (Hon. Magaly Galarza) manifestó que la citación de los esposos Rodríguez no había sido devuelta por el correo por lo que debía presumirse que fue recibida por ellos. De los autos originales elevados a este Tribunal surge, sin embargo, que la citación de *"Adaín Rodríguez y esposa"*, según constancia al dorso del documento original de citación, fue notificada al Lic. Edgardo Santiago Lloréns, quien, como hemos subrayado antes, era y es el abogado de la parte demandante. Esa es la única prueba del diligenciamiento de la citación a los demandados que consta en el expediente. No existe indicio alguno demostrativo de que el Lic. Santiago Lloréns fuese mandatario de los demandados (lo cual lo hubiese colocado en una precaria posición ética) o siquiera que él le hubiese remitido, a su vez, la citación recibida a los demandados (algo que hubiera sido irregular porque la regla le impone la obligación de notificar la citación por correo a la secretaría del tribunal y no al abogado de la parte demandante).

Ante tal realidad procesal, apreciable de la mera lectura del expediente, fue erróneo atribuirle una presunción de corrección a una notificación que no surge del propio expediente judicial que hubiese sido hecha. El tribunal recurrido debió, al menos, recibir prueba sobre el hecho de si se hizo la notificación de conformidad con la ley. *Ortiz Serrano v. Ortiz Díaz,* 106 D.P.R. 445, 449 (1977). Esta cuestión era de crucial importancia pues la notificación de una reclamación judicial es el umbral del debido proceso de ley, *Pagán v. Rivera Burgos,* 113 D.P.R. 750, 754 (1983), y sus requisitos deben ser cumplidos estrictamente. *A.F.F. v. Tribunal Superior,* 99 D.P.R. 310 (1970).

Finalmente, es necesario llamar la atención al tribunal recurrido de que siempre es necesario que las mociones sobre remedios posteriores a la sentencia se resuelvan por escrito archive en los autos del caso copia de sus notificaciones. Es a partir de ese archivo en autos que comienzan a decursar todos los plazos para instar recursos apelativos. *De León Velázquez v. Frito Lay's Inc.,* 107 D.P.R. 46, 49-50 (1978). Las resoluciones y sentencias dictadas *"en corte abierta"* no surten efecto jurídico alguno. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 653 (1989) (un dictamen en corte abierta teniendo al demandante por desistido con perjuicio respecto a un co-demandado con quien ha transigido la reclamación, no surte efecto mientras no se consigne en la parte dispositiva de una sentencia escrita).

Obligar a las partes a litigar una resolución oral, utilizando una minuta de la vista, no es una buena práctica. Sobre el riesgo de revisar dictámenes judiciales a base de minutas únicamente expresamos en *D.A.C.O. v. Constructora S & S,* sentencia de este mismo circuito de 18 de diciembre de 1995, caso Núm. KLCE-95-00919, lo siguiente:

*"Recuérdese que las minutas o actas del tribunal son preparadas por una persona sin adiestramiento judicial, generalmente una secretaria auxiliar de servicios a sala cuya única función es la de hacer constar por escrito un resumen de los eventos que acaecen en las vistas orales. [Escolio omitido.] El juez no es quien prepara la minuta. Aunque el juez eventualmente debe aprobarla, no se sabe cuándo lo hace pues tal aprobación no consta en la propia minuta. Tal aprobación solamente consta en una hoja de cierre aparte que retiene la Secretaria General del tribunal en el libro matriz de minutas, fuera del expediente de los casos. Regla 15(b) de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. Ap. II-A, R.15(b). Además, no perdamos de vista una realidad de la vida: por no tratarse de un documento de su responsabilidad directa, con propósitos diferentes a los documentos judiciales en sí, el criterio que el juez utiliza para aprobar una minuta puede ser, naturalmente, muy distinto al que utiliza para revocar sus propias sentencias. Además, la minuta nunca deja de ser la interpretación que la secretaria de sala ha hecho de lo que el juez ha expresado en determinado momento (por buena que sea la secretaria)."*

Con lo anterior no hacemos sino recalcar la importancia que tiene para las partes requerir de los tribunales de primera instancia que hagan constar por escrito sus decisiones finales mediante la correspondiente sentencia pues mientras éstas no se registren jamás devendrán firmes. [Escolio omitido.] Eso significa que al cabo del tiempo, no importa el plazo que transcurra, cuando finalmente se emita la sentencia por escrito, será que se activarán todos los plazos para la reconsideración y los demás remedios postsentencia.

Mientras no haya una sentencia escrita, el dictamen, al no tener finalidad, puede ser modificado por el juez en cualquier momento, cf., *Torres Cruz v. Municipio de San Juan,* 103 D.P.R. 217, 222 (1975), restándole de ese modo la certeza que deben tener las partes en el pleito respecto a cuál ha sido la decisión en su caso. Y esto, obviamente presenta el otro problema, quizás el más grave, cual es, que el tribunal apelativo nunca sabrá exactamente cuál es el dictamen que debe revisar. Eso inyectaría un elemento de incertidumbre y hasta de azar en el proceso apelativo que a nadie conviene, ni a las partes, ni a los abogados y mucho menos al tribunal.

Tomando en consideración la ausencia de una resolución escrita la cual revisar, y considerando que la determinación de la procedencia de una moción de relevo de sentencia depende de cómo se adjudiquen las cuestiones de hechos planteadas en la misma, es forzoso concluir que el tribunal recurrido incidió en error al no celebrar una vista evidenciaria para adjudicar los hechos en controversia y al no emitir por escrito una resolución susceptible de ser notificada conforme a

derecho.

Con estos antecedentes, se expide el auto solicitado y se le ordena al Tribunal de Primera Instancia a que acoja la moción de nuevo juicio como una moción de relevo de sentencia, celebre una vista evidenciaria al respecto y emita su dictamen por escrito el cual deberá notificarse conforme a las Reglas de Procedimiento Civil. A la devolución de los autos, el tribunal sentenciador deberá dictar sentencia desestimatoria respecto a Ponce Office Supplies. En cuanto a la sociedad legal de gananciales deberá dictar sentencia una vez se dilucide la moción de relevo de sentencia parcial. Devuélvanse los autos originales para la continuación de los procedimientos de forma compatible con lo resuelto.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 96 DTA 142**

**1.** Pero accedió a la moción de reconsideración presentada por la parte demandante para que la sentencia se hiciera extensiva a la sociedad legal de gananciales.