En el Tribunal Supremo de Puerto Rico

| Municipio de San Juan<br>    Peticionaria<br><br>              V.<br><br>Junta de Calidad Ambiental,<br>Administración de Reglamentos y<br>Permisos<br>       Recurridos | Certiorari<br><br>99 TSPR 102 |
| --- | --- |

Número del Caso: CC-1999-0446

Abogados de la Parte Peticionaria: Lcdo. Alberto Omar Jiménez Santiago
                                    Lcdo. Luis H. Sánchez Caso

Abogados de la Parte Recurrida:     MC Connel Valdes

                                    Lcdo. Néstor Durán
                                    Lcda. Laura T. Rozas

                                    O'Neill & Borges

                                    Lcdo. Edwin González Ortiz
Agencia: Junta de Calidad Ambiental

Tribunal de Circuito de Apelaciones: Circuito Regional I San Juan

Panel Integrado por:     Hon. Alfonso de Cumpiano
                         Hon. Aponte Jiménez
                         Hon. Giménez Muñoz

Fecha: 6/25/1999

Materia: Acción Civil

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Municipio de San Juan

   Demandante y Peticionario

     v.                                    CC-1999-446    Certiorari

Junta de Calidad Ambiental,
Administración de Reglamentos
y Permisos

   Demandado y Recurridos

SENTENCIA

San Juan, Puerto Rico, a 25 de junio de 1999.

El pasado 17 de junio de 1999 emitimos una Resolución en la que ordenamos la paralización inmediata de las obras de demolición de los edificios que forman parte del complejo hotelero conocido como Condado Trío.[1]

---

[1] En el caso de autos la parte recurrida, la Corporación de Desarrollo Hotelero, no cuestiona la existencia de nuestra jurisdicción para revisar vía certiorari la negativa del Tribunal de Circuito de Apelaciones a ordenar la suspensión de la demolición.

Al respecto este Tribunal tiene jurisdicción para revocar dicha determinación mientras el Tribunal de Circuito de Apelaciones resuelve los méritos del recurso ante su consideración. En dicho recurso se impugna la decisión de la Junta de Calidad Ambiental aprobando la DIA-Final. Ésta contiene el análisis de los efectos ambientales del proyecto propuesto en su totalidad, incluyendo la demolición. El permiso de ARPE autorizando la demolición requiere la existencia de una DIA que cumpla con todo lo requerido por nuestro ordenamiento ambiental. Es la existencia de una DIA válida lo que, en esencia, permite el inicio de la demolición de las estructuras. Mediante la acción

Una vez fueron notificados de los términos de nuestra Resolución la Corporación de Desarrollo Hotelero (en adelante, "CDH") compareció y nos informó que "[h]abida cuenta del reconocimiento que hace este Foro de la necesidad de atender este asunto con prioridad, CDH no efectuará obras de demolición de modo que se le dé curso prioritario a la resolución en los méritos de este asunto en el Tribunal de Circuito de Apelaciones". Además nos informó que CDH se ha comunicado con los representantes profesionales de la Administración de Reglamentos y Permisos y la Junta de Calidad Ambiental, y estos le han informado que no tienen reparo a que se proceda según solicitado". Por último, solicitaron que se le ordene al Tribunal de Circuito de Apelaciones que adjudique en los méritos, con premura y prioridad, en un término de cinco (5) días, el caso que pende ante su consideración..."

También compareció el desarrollador recurrido, Development Management Group, Inc. (en adelante "DMG") y se allanó a nuestra Orden: "Por consiguiente, en vista de que tanto este Tribunal como el Tribunal de Circuito han reconocido la prioridad y urgencia que reviste este caso, DMG estima prudente y razonable no oponerse a lo intimidado por este Tribunal de expedir el auto de certiorari y devolver el caso al Tribunal de Circuito para que este Tribunal resuelva el recurso de revisión con la prioridad y urgencia que anticipó en su resolución del 18 de junio de 1999".

En dicha Resolución el Tribunal de Circuito de Apelaciones concedió a las partes unos términos breves para someter los escritos correspondientes y dispuso que

---

válida lo que, en esencia, permite el inicio de la demolición de las estructuras. Mediante la acción que hoy tomamos evitamos que las actividades de demolición tornen académic la facultad del Tribunal de Circuito de Apelaciones para revisar las decisiones de la Junta de Calidad Ambiental.

"[t]ranscurrida la fecha del 24 de junio dispuesta para los escritos suplementarios, se  tendrá el recurso sometido para nuestra decisión, lo que se hará con la prioridad y urgencia que amerita su naturaleza".

Visto lo dispuesto por el Tribunal de Circuito de Apelaciones y acogidas las comparecencias de CDH y DMG como un allanamiento a nuestra Orden, se expide el auto y se dicta Sentencia ordenando la paralización de la demolición de los edificios del Condado Trio.

Lo acordó el Tribunal y certifica la Secretaria General del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre y desea hacer constar que, en su criterio, la paralización *pendente lite* que hoy se ordena debe continuar en vigor hasta que exista un dictamen judicial firme y final. El Juez Asociado señor Rebollo López emitió Opinión Disidente a la cual se une el Juez Asociado señor Corrada del Río.


Isabel Llompart Zeno
Secretaria Tribunal Supremo

En el Tribunal supremo de puerto rico


Municipio de San Juan

    Peticionario

        vs.                          CC-99-446        CERTIORARI

Junta de Calidad Ambiental,
y otros

    Recurridos


OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ


      En San Juan, Puerto Rico, 25 de junio de 1999


      Disentimos por entender que este Tribunal <u>no</u> tiene jurisdicción para intervenir en el presente asunto. Principios elementales de derecho administrativo y práctica apelativa, los cuales nos obligan, así lo establecen.

      Es claramente errónea, en consecuencia, la orden de paralización que este Tribunal emitiera el pasado 17 de junio de 1999, la cual ha causado graves perjuicios al desarrollador del proyecto aquí en controversia; orden que la Mayoría reitera mediante la Sentencia que emite en el día de hoy.


I

      El drama judicial que presenta el recurso hoy ante nuestra consideración consta de varios

capítulos, los cuales trataremos de sintetizar y explicar de la forma más sencilla posible. De entrada, tomamos conocimiento judicial de que el proceso de subasta en torno a la propiedad que nos ocupa generó mucha controversia. Entre los licitadores, por supuesto, estaba el Municipio de San Juan. Prácticamente, todos los licitadores proponían la alteración sustancial, por no decir un cambio total o demolición, de la estructura existente. Resultó vencedor en la referida subasta la Corporación de Desarrollo Hotelero; contándose, entre los perdedores, al Municipio de San Juan.

La génesis de la intervención judicial en el caso de autos fue una resolución de la <u>Junta de Calidad Ambiental</u> ("J.C.A.") aprobando la Declaración de Impacto Ambiental final ("DIA-F") presentada por la Administración de Reglamentos y Permisos ("A.R.P.E.") para el propuesto proyecto Condado Beach Trío.[2] Oportunamente, el Municipio de San Juan solicitó reconsideración, la cual fue denegada por la J.C.A. Inconforme, el Municipio de San Juan presentó un recurso de revisión judicial ante el Tribunal de Circuito de Apelaciones <u>en el cual, básicamente, cuestiona la Declaración de Impacto Ambiental aprobada.</u>[3] Eventualmente, las otras partes comparecieron. No empece a la urgencia del reclamo, el recurso aún está pendiente de adjudicar.

Así las cosas, el Municipio de San Juan advino en conocimiento de que la Corporación de Desarrollo Hotelero había solicitado de la <u>Administración de Reglamentos y Permisos</u> (A.R.P.E.) los permisos que permitirían la demolición del complejo existente. Dicho de otra forma, ante A.R.P.E. comenzó <u>otro proceso administrativo distinto</u>, cuyo fin era la obtención de los permisos para demoler la estructura existente. El 25 de abril de 1999, <u>A.R.P.E. aprobó los permisos de demolición.</u>

Ante la actuación de A.R.P.E., <u>dentro del término provisto por ley</u>, la representación legal del Municipio solicitó intervención y

---

[2] **Caso número: DIA JCA 99-003 (A.R.P.E.).**
[3] **Véase, en específico, la página 9 de la petición de certiorari presentada por el Municipio de San Juan ante esta Curia.**

reconsideración[4]; solicitud que A.R.P.E. acogió, como veremos, fuera del término de quince (15) días que para ello provee nuestro ordenamiento jurídico.

Procede que repitamos y enfaticemos que éste era un procedimiento administrativo distinto al que se encontraba pendiente de revisión ante el Tribunal de Circuito de Apelaciones, en el cual se estaba cuestionando la validez de la declaración de impacto ambiental final aprobada por la Junta de Calidad Ambiental.

II

Huelga repetir que aquí hay dos decisiones administrativas distintas emitidas por dos agencias distintas. Las mismas versan sobre el mismo proyecto pero, en estricto rigor jurídico, son procedimientos totalmente distintos y separados el uno del otro.

No importa desde que ángulo se escudriñe el asunto, la conclusión siempre es la misma: este Tribunal no tiene jurisdicción para intervenir en el referido asunto. Dicha falta de jurisdicción es consecuencia directa del hecho de que la reconsideración a la orden de demolición fue "acogida" por A.R.P.E. el 24 de mayo de 1999; esto es, veinticuatro (24) días después de que fuera presentada. En vista a esa situación, sólo hay dos escenarios posibles, dependiendo de la determinación que se haga sobre si A.R.P.E. perdió jurisdicción sobre el asunto o si, por el contrario, mantuvo la misma. Los exponemos por separado.

En primer lugar, no hay duda de que A.R.P.E. acogió fuera de término la solicitud de reconsideración del Municipio de San Juan; sólo tenía quince (15) días para hacerlo. Al no actuar la referida agencia en torno a la misma, dentro de dicho término, se entiende que la rechazó de plano. Siendo ello así, la única alternativa jurídica del Municipio, bajo este primer escenario, era acudir en revisión de esta

---

[4] **Página 1817 del Apéndice del Peticionario.**

determinación administrativa ante el Tribunal de Circuito. El Municipio no lo hizo. En lugar de radicar un recurso de revisión, planteó el asunto --de forma colateral, atropellada e impropia-- mediante una mal llamada moción en auxilio de jurisdicción en el recurso que ya anteriormente había radicado ante el Tribunal de Circuito, en el cual cuestionaba la aprobación de la declaración de impacto ambiental por parte de la Junta de Calidad Ambiental, lo cual es improcedente en derecho.

Nótese, repetimos, que lo que estaba ante la consideración del Circuito en ese recurso no era el permiso expedido para la demolición, el cual le corresponde a A.R.P.E., sino la suficiencia, o no, de la declaración de impacto ambiental, asunto que le compete a la Junta de Calidad Ambiental. En matemática sencilla, la controversia generada por la decisión de A.R.P.E. autorizando la demolición no tiene nada que ver, desde un punto de vista jurídico, con el recurso de revisión que está pendiente ante el foro apelativo intermedio, el cual propiamente versa sobre el desarrollo propuesto.

La táctica utilizada por la representación legal del Municipio de San Juan, cuidadosamente confeccionada, ha causado que la mayoría de los miembros de este Tribunal no se percaten del punto. Si concluyéramos que A.R.P.E. estaba impedida de considerar la moción de reconsideración, por no haberlo hecho en los quince (15) días que provee la L.P.A.U., forzosa resulta la conclusión de que la determinación de demolición advino final y firme.[5] Esto, pues, el Municipio de San Juan dejó transcurrir el término de treinta (30) días para solicitar la revisión judicial de dicha determinación administrativa. Por ello, este Tribunal no tendría jurisdicción para revisar la orden de demolición emitida por A.R.P.E..

---

[5] **Véase la Opinión de conformidad, concurrente y disidente del Juez Asociado señor Hernández Denton, a la cual se unió la Juez Asociada señora Naveira de Rodón, en Misión Industrial v. Junta de Calidad Ambiental, res. 30 de junio de 1998, 98 TSPR 86. Allí, se calificó como ultra vires el que una agencia acoja una solicitud de reconsideración luego de los quince (15) días.**

Tampoco, por supuesto, podía el Municipio de San Juan sustituir el recurso de revisión judicial con una moción en auxilio de jurisdicción. Convalidar esa situación es algo realmente inaudito. Esto es, de acogerse como tal, ello constituiría una aberración jurídica y, de todas formas, la misma fue presentada cuando ya había transcurrido en exceso del término de treinta (30) días, contado el mismo desde el momento en que fue notificada la decisión emitida por A.R.P.E.

El segundo escenario, o la otra ruta adjudicativa viable, sería determinar que aun cuando A.R.P.E. acogió la reconsideración a los veinticuatro (24) días de solicitada, podía, al así actuar, retener su jurisdicción sobre el asunto ya que la acogió antes que expirara el término de treinta (30) días para solicitar la revisión judicial. Dicha interpretación sería cónsona con la que se ha hecho de la disposición correspondiente de las Reglas de Procedimiento Civil.[6]

Así, si entendiéramos que la reconsideración fue acogida en tiempo --por haberse hecho antes que expirara el término de revisión judicial-- la agencia preservaría su jurisdicción, cuando menos, por noventa (90) días adicionales en los cuales debe dilucidar la reconsideración acogida, comenzando a decursar nuevamente el plazo para acudir en revisión judicial si la agencia no actúa en dicho término. Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2165.

El problema u obstáculo con este segundo "escenario" es que si ello es así, ni el Tribunal de Circuito de Apelaciones ni este Tribunal tendrían jurisdicción sobre el asunto por cuanto el planteamiento que hace el Municipio de San Juan sería prematuro por estar el mismo todavía ante la consideración de A.R.P.E. En conclusión, no tenemos jurisdicción bajo cualesquiera de los dos escenarios posibles.

Claro está, si la solución jurídica correcta fuera que, al acoger la reconsideración a los veinticuatro (24) días, A.R.P.E. retuvo su

---

[6] Véase, **Lagares Pérez** v. **E.L.A.**, res. el 23 de diciembre de 1997, 144 D.P.R. __ (1997); **Pagán** v. **Alcalde de Cataño**, res. el 30 de mayo de 1997, 143 D.P.R. __ (1997); **Pueblo** v. **Mojica Cruz**, 115 D.P.R.569

jurisdicción sobre el aspecto de la demolición, el curso de acción a seguir por el Municipio era acudir ante la referida agencia para que, al amparo de los Artículos 25 y 26 de la Ley Orgánica de A.R.P.E., 23 L.P.R.A. secs. 71(x) y (y), A.R.P.E. tomara las medidas necesarias para detener la demolición mientras resolvía la moción de reconsideración que había acogido.

Claro está, al amparo de la decisión de este Tribunal en <u>Junta de Directores</u> v. <u>Fernández</u>, res. en 31 de mayo de 1994, 136 D.P.R. __ (1994), la facultad de las agencias administrativas para acudir a los tribunales no es exclusiva. Por ello, el Municipio de San Juan podría haber instado el recurso que hubiere estimado atinado, por ejemplo, un interdicto. Esto último, por supuesto, <u>ante el Tribunal de Primera Instancia con competencia para ello</u>, pues, en todo caso, sería necesario recibir prueba para adjudicar el asunto. Como es sabido, los foros apelativos, de ordinario, no están en posición de hacer tales determinaciones.[7]

Lo que <u>no</u> podía hacer el Municipio de San Juan es, precisamente, lo que hizo --esto es, acudir directamente mediante una mal llamada moción en auxilio de jurisdicción ante el Tribunal de Circuito dentro del recurso que había radicado para revisar la decisión de la Junta de Calidad Ambiental-- <u>actuación que, lamentablemente para nuestro ordenamiento jurídico, una mayoría de los integrantes del Tribunal avala</u>.

Hemos resuelto que el planteamiento sobre carencia de jurisdicción es uno de índole privilegiado que puede hacerse, incluso, por primera

---

(1984); <u>Suárez</u> v. <u>Flamingo Homes, Inc.</u>, 102 D.P.R. 664 (1974); <u>Torres</u> v. <u>Tribunal Superior</u>, 101 D.P.R. 277 (1973).

[7] Bajo la primera ruta decisional disponible, si A.R.P.E. no podía acoger la moción de reconsideración, por haber transcurrido los quince días, el Municipio tampoco podía acudir al Tribunal de Circuito de Apelaciones mediante una moción en auxilio de jurisdicción. Esto pues, como explicáramos antes, lo jurídicamente procedente era presentar otro recurso de revisión. Así pues, la única alternativa viable era acudir ante la propia agencia para que ésta emitiera la orden correspondiente que estimare apropiada. Ello, <u>repetimos</u>, al amparo de los Artículos 25 y 26 de la Ley Orgánica de A.R.P.E., 23 L.P.R.A. secs. 71(x) y (y).

vez a nivel apelativo[8]; que los tribunales deben ser <u>celosos guardianes</u> de su jurisdicción, al extremo de que, incluso, ante la ausencia de señalamiento a esos efectos por las partes, el Tribunal viene en la obligación de levantarlo *motu proprio*. <u>Vázquez</u> v. <u>A.R.P.E.</u>, 128 D.P.R. 513 (1991); <u>Martínez</u> v. <u>Junta de Planificación</u>, 109 D.P.R. 839, 842 (1980); <u>Sociedad de Gananciales</u> v. <u>A.F.F.</u>, 108 D.P.R. 644, 645 (1979).[9]

Siendo ello así, y atendidos los hechos particulares del presente caso, este Tribunal viene en la ineludible obligación de dictar Sentencia desestimando el recurso radicado por el Municipio de San Juan, por carecer de jurisdicción para considerarlo, y dejar sin efecto la orden de paralización que emitiera el pasado 17 de junio de 1999; orden que es producto de una evidente actuación errónea y *ultra vires* de parte de este Tribunal. La Mayoría,

---

[8] **J. Cuevas Segarra, <u>Práctica Procesal Puertorriqueña, Procedimiento Civil</u>, 1979, Publicaciones JTS, Cap. II, págs. 10 y ss.**

[9] **Norma jurisprudencial que, naturalmente, dispone del, y hace irrelevante el, señalamiento de la Mayoría a los efectos de que la parte recurrida no ha cuestionado la jurisdicción del Tribunal.**

inexplicablemente, se niega a así hacerlo.[10]

Es por ello que disentimos.


FRANCISCO REBOLLO LOPEZ
Juez Asociado

---

[10] **El razonamiento de la Mayoría a los efectos de que tanto este Tribunal como el Tribunal de Circuito de Apelaciones tienen jurisdicción para entender en el presente asunto no pasa de ser un pobre intento de tratar de justificar lo injustificable.**

**Esta constituye la primera ocasión en que este Tribunal --mediante la emisión de una Sentencia y relegando el razonamiento principal del caso a una nota al calce-- resuelve que una parte puede "acumular", en un solo recurso, la revisión de dos decisiones administrativas, emitidas las mismas por dos agencias distintas, en dos diferentes fechas, las cuales decisiones versan sobre dos asuntos distintos.**