# 2003 DTA 74

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II DE BAYAMON

RAMON LUIS ARROYO RESTO Y SANTA M. TORRES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; ANGEL ARROYO LOPEZ
Demandantes-Apelantes

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO; AGENTE MANUEL MARTINEZ, FULANO DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; POLICIAS A, B Y C; SUS RESPECTIVAS CONYUGES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR ESTOS
Demandados-Apelados

Núm. KLAN-01-00839

San Juan, Puerto Rico, a 15 de abril de 2003

Panel integrado por su Presidente, el Juez Arbona Lago,
y los Jueces Aponte Hernández y Urgell Cuebas

Aponte Hernández, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante, señor Ramón Luis Arroyo Resto, su esposa Santa M. Torres y la Sociedad Legal de Gananciales compuesta por ambos, nos solicitan la revocación de la sentencia emitida el 7 de mayo de 2001 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la misma, dicho foro decretó la desestimación y archivo del caso por inactividad procesal en virtud de lo dispuesto en la Regla 39.2 de Procedimiento Civil.

Por los fundamentos que expondremos, acogido el recurso como *certiorari*, expedimos y revocamos.

### I

El 28 de abril de 1999, el señor Ramón Luis Arroyo Resto, su esposa Santa M. Torres y la Sociedad Legal de Gananciales compuesta por ambos (los apelantes) presentaron ante el Tribunal de Primera Instancia demanda en daños y perjuicios en contra del Estado Libre Asociado de Puerto Rico (ELA) y varios de sus funcionarios. En síntesis, alegaron que el señor Arroyo Resto fue víctima de arresto ilegal y de agresión por parte de varios agentes del orden público. Señalaron que éstos intervinieron con Arroyo Resto por alegadamente transitar en un vehículo hurtado, y que fue agredido mientras se efectuó el arresto y la ocupación de referido vehículo. Señalaron además que, como consecuencia de estos hechos, Arroyo Resto fue acusado por violación a los Arts. 256 (empleo de violencia o intimidación en contra de autoridad pública), 258 (resistencia u obstrucción a la autoridad) y 260 (alteración a la paz) del Código Penal de Puerto Rico, y que celebrado el juicio fue declarado no culpable de todos los delitos imputados.

Sin someterse a la jurisdicción del Tribunal, el ELA presentó moción de desestimación alegando que el apelante no notificó su intención de demandar en daños y perjuicios dentro de los noventa (90) días posteriores a ocurrencia de los hechos que motivaron el litigio, conforme lo intima la Ley de Pleitos contra el Estado, Ley Núm. 104 del 29 de junio de 1955, 32 L.P.R.A. sec. 3077(a). Argumentó que los hechos por los cuales el apelante presentó su reclamación ocurrieron el 28 de abril de 1998 y que no fue hasta el 14 de mayo de 1999, fecha en que fue emplazado, cuando el ELA advino en conocimiento de la intención de los apelantes de

demandar. Los apelantes presentaron oposición fundamentados en la excepción establecida en *Meléndez Gutiérrez v. E.L.A.*, 113 D.P.R. 811 (1983). Allí se estableció que en casos en donde el riesgo de que la prueba objetiva evidenciaria pueda desaparecer sea mínimo, donde exista constancia efectiva de la identidad de los testigos y donde, por tanto, el Estado pueda fácilmente investigar y corroborar los hechos alegados en la demanda que se radique, no se aplica obligatoriamente el requisito de notificación previa. Atendidos los argumentos de las partes, el Tribunal de Primera Instancia declaró sin lugar la moción de desestimación presentada por el ELA. Posteriormente, el ELA contestó la demanda.

El 30 de agosto de 2000, se celebró la vista de conferencia con antelación al juicio. Según consta en la minuta de dicha vista, la representación legal de los apelantes no compareció. Asimismo, el Tribunal hizo constar nuevamente que el apelante había incumplido con la fecha de la deposición, con la contestación al interrogatorio y al no comparecer ni justificar las razones para su incomparecencia. Con motivo de la incomparecencia de la representación legal de los apelantes, el foro de instancia impuso al Lcdo. Julio E. Gil Delamadrid una sanción económica de $500.00 a ser satisfecha en el término de diez (10) días luego de recibida la minuta. ■ Además, le ordenó cancelar un sello de suspensión de $20.00 y a mostrar causa por la cual no se debía desestimar la demanda por falta de interés y por incumplimiento con las órdenes del tribunal. ■ No surge de los autos que el apelante hubiera cumplido con el mandato del foro de instancia.

Luego de una inactividad procesal en exceso de seis meses, el 16 de marzo de 2001, el Tribunal de Primera Instancia concedió a todas las partes, conforme a la Regla 39.2(b) de Procedimiento Civil, un término de diez (10) días para que expusieran las razones por las cuales no debía desestimarse el caso decretándose su archivo. Mediante escrito intitulado "*Moción Informativa y en Cumplimiento de Orden*", el 29 de marzo de 2001, el apelante comparece con nueva representación legal, la Lcda. Raquel Lozada Santiago, quien expresó haber sido contratada por el apelante desde el 21 de septiembre de 2000. En el escrito meramente se alegó interés en continuar con los procedimientos del caso. El 7 de mayo de 2001, el Tribunal de Primera Instancia emitió la sentencia recurrida, mediante la cual decretó la desestimación y archivo de caso por inactividad procesal en virtud de lo dispuesto en la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2. El 29 de mayo de 2001, el apelante solicitó reconsideración. ■ En el escrito alegó que la inactividad en el caso surgió a raíz de la muerte del Lcdo. Peña Senati, expresó tener interés en continuar con el caso e informó sobre la radicación de la "*Moción Informativa y en Cumplimiento de Orden*". ■ El 7 de junio de 2001, el Tribunal de Primera Instancia emitió orden a los efectos de ordenar a la Secretaría que informara sobre la alegada radicación de la moción y que devolviera "*a despacho para la acción que corresponda*". ■ Posteriormente, el 19 de junio de 2001, emitió resolución en los siguientes términos:

"*ESTUDIADO EL EXPEDIENTE DEL PRESENTE CASO A LA LUZ DE LA MOCION DE RECONSIDERACION SOMETIDA EL 29 DE MAYO DE 2001, DECLARAMOS NO HA LUGAR A LA SOLICITUD DE RECONSIDERACION POR REITERADO INCUMPLIMIENTO DE LA PARTE DEMANDANTE CON ORDENES DEL TRIBUNAL E INACTIVIDAD POR MAS DE SEIS (6) MESES DESDE LA VISTA DEL 30 DE AGOSTO DE 2000, DONDE SE EMITIERON VARIAS ORDENES; IGUAL AL DIA DE HOY, SE HAN INCUMPLIDO.*"

Oportunamente, el apelante acudió ante este Foro alegando que:

"***Primer error:*** *Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda, luego de que la parte demandante-apelante cumplió con la orden mostrando interés en continuar con la misma a tenor con la Orden emitida.*

***Segundo error:*** *Erró el Honorable Tribunal de Primera Instancia al desestimar la demanda, sin haber cumplido con las directrices del Tribunal Supremo de Puerto Rico que requieren que se le notifique a las partes.*"

Acogido el recurso como *certiorari* por entender que es el recurso adecuado para recurrir del referido dictamen, concedimos un término de veinte (20) días a la parte apelada para que expresara las razones por las cuales no debíamos revocar la sentencia apelada. ▉ El Estado Libre Asociado de Puerto Rico ha comparecido en cumplimiento con nuestro mandato. Resolvemos.

## II

La desestimación de una demanda, como sanción, por la inobservancia de las Reglas de Procedimiento Civil o de las órdenes del tribunal o por no haberse efectuado trámite alguno durante los últimos seis meses está reglamentada por la Regla 39.2 de Procedimiento Civil, *supra*. La mencionada Regla dispone en lo aquí pertinente:

"*(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él.*

*(b) El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente [...]."*

El juez administrador dictará una orden en todos dichos asuntos, requiriendo a las partes para que, dentro del término de diez (10) días de su notificación por el secretario, expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

Es evidente el poder de un tribunal para desestimar, como sanción, la causa de acción de un demandante. Sin embargo, la desestimación de un caso al amparo de la regla previamente citada sólo procederá en situaciones extremas en la que queden expuestas el desinterés y abandono total de la parte ·o el reiterado incumplimiento por parte de ésta con las órdenes y directrices del tribunal. Tal poder discrecional debe ser ejercitado en una forma sumamente juiciosa y mesurada, esto es, únicamente en casos extremos. Ello es así por cuanto la desestimación de una causa de acción priva a un ciudadano de la función judicial de adjudicación la cual forma parte de nuestra estructura constitucional; al privarlo de su "*día en corte*", se le niega la oportunidad de hacer valer en los méritos la legitimidad de su derecho a reclamar justicia para él y los suyos. *Valentín v. Mun. de Añasco*, 145 D.P.R. 887, 897 (1998); *Fernández v. Fernández*, 120 D.P.R. 422, 425-26 (1988); *Dávila Mundo v. Hospital San Miguel*, 117 D.P.R. 807, 817 (1986); *Maldonado Ortiz v. Secretario de Recursos Naturales*, 113 D.P.R. 494, 498 (1982); *Arce v. Club Gallístico de San Juan*, 105 D.P.R. 305, 308 (1976).

Se ha resuelto reiteradamente que la desestimación de un pleito sin ir a sus méritos, como medio de sanción, debe ser el último recurso a utilizarse después que otras sanciones hayan probado ser ineficaces. *Garriga Gordils v. Maldonado Colón*, 109 D.P.R. 817, 822 (1980); *Ramírez de Arellano v. Secretario de Hacienda*, 85 D.P.R. 823, 829-30 (1962). Solamente debe hacerse en casos tan extremos que no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas. *Acevedo v. Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974). Además, la desestimación de un pleito bajo la Regla 39.2 debe prevalecer únicamente al quedar expuesto el desinterés y abandono total de la parte de su caso. *Arce v. Club Gallístico de San Juan*, supra, pág. 307. En el balance de intereses se tendrá que tomar en cuenta diferentes factores, tales como el conocimiento o no de la parte promovente con la inactividad, el interés público en la resolución expedita de los casos y el perjuicio que la inacción haya ocasionado. *Echevarría Jiménez v. Sucesión Pérez Meri*, 123 D.P.R. 664, 673 (1989).

En aquellos casos en los cuales el tribunal considere que procede la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce consecuencias positivas, procederá la imposición de la severa sanción de la desestimación de la demanda o la

eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. *Municipio de Arecibo v. Almacenes Yakima del Atlántico Inc.*, 154 D.P.R. ___ (2001), **2001 J.T.S. 82**, pág. 1305; *López Rivera v. Rivera Díaz*, 141 D.P.R. 194, 199 (1996); *Amaro González v. First Federal Savings Bank*, 132 D.P.R. 1042, 1051 (1993); *Maldonado v. Srio. de Recursos Naturales*, supra, pág. 498; *Garriga Gordils v. Maldonado Colón*, supra, pág. 822; *Acevedo v. Compañía Telefónica de Puerto Rico*, supra, pág. 791. El apercibimiento previo por el tribunal constituye un requisito ineludible a falta del cual no procede la desestimación de la causa de acción. *Ramírez de Arellano v. Secretario de Hacienda*, supra, págs. 829-30.

En síntesis, la desestimación de la demanda debe ser el último recurso a utilizarse después de agotarse el uso de sanciones menos severas, cuando es patente el desinterés y el abandono del caso por una parte y sólo después que el tribunal notifique personalmente al demandante que la demanda será desestimada si no se acatan sus órdenes. *Amaro González v. First Federal Savings Bank*, supra, pág. 1051; *Arce v. Club Gallístico de San Juan*, supra, pág. 308; *Maldonado v. Srio. de Recursos Naturales*, supra, pág. 498.

## III

Según antes señaláramos, la facultad de un tribunal para archivar una causa por inacción de la parte promovente y por incumplimiento con las órdenes del tribunal es inherente al poder judicial. Cuando una parte aparenta no tener interés en su caso, el tribunal no está obligado a mantenerlo activo en sus archivos indefinidamente. La Regla 39.2 de Procedimiento Civil, *supra*, es el mecanismo procesal adecuado para compeler a las partes a explicar su inactividad cuando las partes *motu proprio* no se ocupan de informar al tribunal al respecto. Ello permite llamar la atención de la parte interesada sobre la intención del tribunal y le brinda una oportunidad adicional para garantizar el derecho de toda parte a tener su día en corte.

Surge de los autos que el foro de instancia dirigió al apelante dos (2) órdenes que fueron incumplidas por dicha parte, la primera durante la vista celebrada el 30 de agosto de 2000 y la otra mediante orden del 16 de marzo de 2001. Aunque se trató sólo de dos (2) ocasiones, cabe resaltar que entre una y otra orden transcurrieron alrededor de siete (7) meses. Además, no fue hasta la solicitud de reconsideración cuando la parte apelante informa que no había efectuado trámite sobre el caso debido al deceso del Lcdo. Peña Senati. No obstante, el Lcdo. Peña Senati fue asesinado el 10 de septiembre de 2000. Por tanto, no encontramos razón por la cual dicho representante legal no compareció a la vista celebrada el 30 de agosto de 2000. De los documentos que obran en autos no surge que se haya justificado ante el foro de instancia dicha incomparecencia. Aún más, conforme surge del escrito intitulado *"Moción Informativa y en Cumplimiento de Orden"*, el apelante contrató los servicios de la Lcda. Lozada Santiago el 21 de septiembre de 2000; esto es, poco tiempo después del fallecimiento de la representación anterior. Esta nueva representación no informó al foro de instancia lo ocurrido con el Lcdo. Peña Senati, ni compareció oportunamente en cumplimiento de la orden emitida por dicho foro el 30 de agosto de 2000. A lo anterior se suma el hecho de que Lcdo. Gil Delamadrid, tampoco compareció ante el tribunal a informar el deceso de su compañero de bufete, ni cumplió con la referida orden. Además, el hecho de que el nombre del Lcdo. Gil Delamadrid aparece al pie de la moción de reconsideración radicada por la Lcda. Lozada Santiago demuestra su conocimiento del trámite que ha sufrido el caso que nos ocupa. Es cuando el Tribunal de Primera Instancia emite la orden del 16 de marzo de 2001, que, vencido el término concedido en la misma, la nueva representación legal del apelante simple y llanamente expresó interés en el pleito, aun sin justificar su incumplimiento con las anteriores órdenes del tribunal. No se cometió el primer error.

Surge además que antes de proceder con la más severa de las sanciones, la desestimación con perjuicio, el Tribunal de Primera Instancia agotó otras sanciones, tales como una económica y la cancelación de un sello de suspensión, y apercibió al demandante, aquí apelante, por medio de su representación legal, las consecuencias de su inacción. La trayectoria procesal del presente caso configura una situación de dejadez, desinterés, falta de diligencia o abandono en la tramitación de la causa de acción del apelante, que ameritaba la imposición de

sanciones, que al no surtir efecto provocaron el dictamen recurrido. ■

Sin embargo, el dictamen recurrido debe ser revocado porque el Tribunal de Primera Instancia no le notificó personalmente a la parte demandante, aquí apelante, que la demanda sería desestimada si no se acataban sus órdenes. Tratándose de la más severa de las sanciones, requiere que la parte misma sea notificada personalmente del estado procesal de su reclamación y las consecuencias de no acatar las órdenes del Tribunal. *Amaro González v. First Federal Savings Bank*, *supra*; *Arce v. Club Gallístico de San Juan*, *supra*, y *Maldonado v. Srio. de Recursos Naturales*, *supra*. Ello ofrecerá una nueva oportunidad al Lcdo. Gil Delamadrid para cumplir con las sanciones económicas impuestas, y poner al foro de instancia en condición de proseguir con los trámites del pleito. Se cometió el segundo error señalado.

### IV

Finalmente, es menester señalar que el término para apelar del dictamen recurrido aún no ha comenzado, por lo que el recurso radicado como apelación debe ser acogido como *certiorari*.

La sentencia emitida el 7 de mayo de 2001 por el Tribunal de Primera Instancia y archivada en autos el.11 de mayo de 2001, fue objeto de moción en reconsideración presentada y acogida en tiempo hábil, y denegada **en forma fundamentada** el 19 de junio de 2001. Ello dejó sin efecto el archivo en autos original de la sentencia, Regla 46 de Procedimiento Civil. Aunque la resolución del 19 de junio de 2001, que resolvió de forma definitiva la moción de reconsideración, fue archivada en autos y notificada el 12 de julio de 2001, no se cumplió con los requisitos de la Regla 46 de Procedimiento Civil. Por lo tanto, será menester nuevo archivo en autos de copia de la notificación de la resolución resolviendo la moción en reconsideración, con los consabidos avisos y advertencias, para que se reinicie el cómputo del término de la Regla 46 de Procedimiento Civil, conforme específicamente lo requiere y dispone la Regla 47 de Procedimiento Civil. 32 L.P.R.A. Ap. III, R. 46 y 47. ■

Para el caso específico en que una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil, *supra*, sea denegada luego de ser considerada --bien por razón de que se le requirió exposición a la parte contraria o queda señalada vista para exposición, *Rodríguez Rivera v. Aut. Carreteras*, 110 D.P.R. 184 (1980, por razón de que la moción es referida a otro juez para su atención al regreso de vacaciones, *Castro v. Sergio Estrada Auto Sales*, 149 D.P.R. ___, **99 JTS 147**, o meramente por razón de que al denegarla el Tribunal de Primera Instancia fundamentó, con algo más que un *"no ha lugar"*, *Suárez v. Flamingo Homes, Inc.*, 102 D.P.R. 664 (1974)--, se requiere entonces de una nueva notificación de archivo en autos de la Resolución de Moción de Reconsideración, que cumpla con requisitos de avisos y advertencias de la Regla 46 de Procedimiento Civil, *supra*, tales como la admonición de que tal dictamen puede ser recurrido y la fecha de inicio para el conteo del término. ■

Según ya señalado, la Resolución del 19 de junio de 2001, denegando en forma fundamentada la reconsideración, fue puesta al correo el 12 de julio de 2001 sin cumplir con los señalados requisitos del debido proceso, por lo que los términos para recurrir en alzada no han comenzado acorde lo dispone la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. AP. III, R. 53.1. Por tanto, nos encontramos ante una situación gobernada por la doctrina de incuria, en la que *"...cada caso deb[e] examinarse a la luz de sus particulares hechos ...[y] no basta el mero transcurso del tiempo para que exista incuria, sino que es necesario evaluar otras circunstancias, tales como la justificación, si alguna, de la demora incurrida, el perjuicio que ésta acarrea y el efecto sobre los intereses privados o públicos involucrados"*. *Rivera v. Depto. Servicios Sociales*, 132 D.P.R. 240, 247 (1992); *García Troncoso v. Adm. Der. al Trabajo*, 108 D.P.R. 53 (1978).

Hemos definido la doctrina de incuria como dejadez o negligencia en el reclamo de un derecho, la cual en conjunto con el transcurso del tiempo y otras circunstancias que causan perjuicio a la parte adversa, opera como un impedimento en una corte de equidad. *Colón Torres v. A.A.A.*, *supra*; *Aponte v. Srio. de Hacienda*, 125 D.P.

R. 610, 618 (1990). Sobre el particular, en *Pérez Villanueva v. Junta de Apelaciones del Sistema de Personal*, *supra*, señalamos:

"*[E]n dicha doctrina no basta el mero transcurso del tiempo para impedir el ejercicio de la causa de acción, sino que deben evaluarse otras circunstancias antes de decretar la desestimación del recurso instado. (Citas omitidas). Circunstancias tales como la justificación, si alguna, de la demora incurrida, el perjuicio que esta última acarrea, y el efecto sobre intereses privados o públicos involucrados. (Citas omitidas). Además, cada caso deberá ser examinado a la luz de sus hechos y circunstancias particulares*". Im. Winner, Inc. v. Junta Subasta, ____ D.P.R. ____. **2000 J.T.S. 86**, pág. 1135.

## V

Por los fundamentos que anteceden, se expide el auto solicitado, se revoca el dictamen recurrido y se ordena la continuación de los procedimientos ante el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 74

**1.** El nombre del Lcdo. Gil Delamadrid figura conjuntamente al pie de la demanda como representante legal de la parte demandante, aunque junto al representante legal que firma el escrito, el Lcdo. José Neil Peña Senati es quien firma el escrito.

**2.** Págs. 51-52 del apéndice del escrito de apelación.

**3.** El nombre del Lcdo. Gil Delamadrid aparece al pie del escrito de reconsideración, junto a la representación legal del demandante, la Lcda. Lozada Santiago.

**4.** La muerte del Lcdo. Peña Senati ocurrió el 10 de septiembre de 2000.

**5.** Pág. 70 del apéndice del escrito de apelación.

**6.** En la resolución expresamos que "*no se dio a la parte demandante-apelante el término para mostrar causa requerido por la Regla 39.2 de Procedimiento Civil*". Sin embargo, nos hemos percatado de que el Tribunal de Primera Instancia sí concedió el referido término.

**7.** Un examen del expediente en apelación también revela cierta lentitud en la tramitación de su causa.

**8.** En su parte aquí pertinente dispone:

"*El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de certiorari se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un **recurso de certiorari con término jurisdiccional ante el Tribunal de Circuito de Apelaciones** empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción.*"

**9.** En tal caso, el formato para ello autorizado es el OAT-82, cuyo texto, muy parecido al de la OAT-704 (notificación de sentencia), es el siguiente:

NOTIFICACION

Notificación de Archivo en autos de la Resolución de Moción de reconsideración.

A:_____.

    El Secretario que suscribe notifica a usted que este tribunal ha dictado Resolución en el caso de epígrafe el __de_____de_____, copia de la cual se acompaña con la presente notificación.

    Como representante usted de la parte perjudicada por esta Resolución, de cual puede establecerse recurso de apelación, revisión o *certiorari*, dirijo a usted esta notificación, habiendo archivado en los autos de este caso copia de la misma así como de la notificación el ___de_____de_____.

    Dada en _____de Puerto Rico a ____de_____de____.

_____
Secretario

O.A.T.-82 - Notificación de Archivo (diciembre 1976)