EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Shelley Ann Otero Vélez<br><br>Peticionaria<br><br>v.<br><br>Víctor L. Schroder Muñoz<br><br>Recurrido | Certiorari<br><br>2018 TSPR 56<br><br>200 DPR ____ |

Número del Caso: CC-2017-156

Fecha: 10 de abril de 2018

Tribunal de Apelaciones:

     Región Judicial de Bayamón

Abogados de la parte peticionaria:

     Por derecho propio

Abogados de la parte recurrida

     Lcda. María M. Serrano Freiría

Materia: Derecho procesal civil - Una resolución enmendada, emitida en un caso de alimentos, en que se modifica la cuantía sobre unos créditos concedidos a una de las partes por gastos incurridos en servicios brindados a menores no es un error subsanable mediante enmienda *nunc pro tunc*.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Shelley Ann Otero Vélez

    Peticionaria

       v.

                     CC-2017-0156        *Certiorari*

Víctor L. Schroder Muñoz

    Recurrido

EL JUEZ ASOCIADO SEÑOR RIVERA GARCÍA emitió la opinión del Tribunal.

En San Juan, Puerto Rico, a 10 de abril de 2018.

En esta ocasión tenemos la oportunidad de resolver si una determinación en un caso de alimentos emitida mediante *Resolución Enmendada*, en la que se modificó la cuantía sobre unos créditos concedidos a una de las partes por gastos incurridos en servicios brindados a unos menores, constituye un dictamen revisable o si por el contrario es un error subsanable mediante enmienda *nunc pro tunc*.

**I**

El 13 de octubre de 2012, luego de que advino final y firme la sentencia de divorcio, quedó disuelto el vínculo matrimonial entre el Sr. Víctor L. Schroder Muñoz (señor Schroder Muñoz o recurrido) y la

Sra. Shelley Ann Otero Vélez (señora Otero Vélez o peticionaria). En la sentencia correspondiente se fijó una pensión alimentaria provisional a favor de los dos hijos menores de edad y se establecieron las relaciones paternofiliales. El Tribunal de Primera Instancia resolvió que la custodia de los menores la retendría la madre hasta que la Unidad Social atendiera una solicitud de custodia compartida que presentó el señor Schroder Muñoz, padre de éstos.[1]

El 20 de agosto de 2014 ese foro notificó una *Resolución* en la que determinó que la custodia sería compartida entre ambos padres con un plan de semanas alternas.[2] Posteriormente, fijó una pensión alimentaria de $ 3,207 y ordenó que el pago por mensualidades de colegio lo realizara el padre directamente a la institución escolar.[3]

Así las cosas, el 15 de octubre de 2014 el señor Schroder Muñoz presentó una *Solicitud de ajuste de pensión alimentaria ante [el] cambio de custodia a custodia compartida*. A tales efectos, el foro de primera instancia ordenó a la Examinadora de Pensiones Alimentarias (EPA) a

---

[1] *Demanda*, Apéndice "C" de la petición de *certiorari*, Anejo IX, págs. 33-38. Luego de varias vistas sobre pensión alimentaria, el 4 de junio de 2014, el Tribunal de Primera Instancia emitió una *Resolución*, notificada el 13 de junio de 2014, en la que ordenó al señor Schroder Muñoz a pagar una pensión alimentaria de $ 5,096 mensuales. También le reconoció una reserva de ingresos de $ 515. Véase Apéndice "C" de la petición de *certiorari*, Anejo XIV, pág. 66.

[2] Este hecho surge del *Informe de la Examinadora de Pensiones Alimenticias* del 7 de julio de 2016, Apéndice "C" de la petición de *certiorari*, Anejo XXIV, págs. 159-171.

[3] Es importante destacar que el tribunal, al fijar la pensión alimentaria, no adjudicó el crédito correspondiente por el cambio de custodia monoparental a custodia compartida.

señalar una vista de modificación de pensión y a examinar si procedía un ajuste sobre varios créditos que tanto la peticionaria como el señor Schroder Muñoz reclamaron por pagos hechos directamente a varios proveedores de servicio que utilizan para sus hijos.

Luego de varios trámites procesales, el tribunal determinó, mediante *Resolución* notificada el 21 de enero de 2016, que procedía un crédito a favor de la peticionaria por $ 45,475.56. [4] No obstante, el 1 de febrero de 2016 el recurrido solicitó la reconsideración del dictamen. Alegó que el Informe de la EPA no atendió el ajuste en el cálculo de la pensión por custodia compartida ni realizó correctamente el cálculo para el ajuste en el crédito correspondiente por los pagos que realizó al colegio de los menores. [5]

El 7 de marzo de 2016 el Tribunal de Primera Instancia declaró *ha lugar* a la solicitud de reconsideración que presentó el señor Schroder Muñoz y refirió nuevamente el asunto a la EPA. El 8 de julio de 2016 el foro de primera instancia emitió una *Resolución*, notificada el 12 de julio de 2016, en la que adoptó el Informe de la EPA. En consecuencia, redujo la pensión alimentaria a $ 789.10 mensuales y aumentó la reserva de ingresos a $ 615, conforme a las *Guías mandatorias para computar las pensiones*

---

[4] Apéndice "C" de la petición de *certiorari*, Anejo XIV, pág. 63.

[5] Ello, según lo dispuso el tribunal en la Resolución de 20 de agosto de 2014.

*alimentarias en Puerto Rico*.[6] En cuanto al reclamo sobre el cálculo del crédito reconoció que procedía un ajuste a favor del recurrido por $ 31,862.29.[7]

Inconforme con tal determinación, el 27 de julio de 2016, la peticionaria presentó una *Moción de reconsideración*. En primer lugar, solicitó que se aclarara que la nueva resolución lo que hizo fue "modificar" la pensión anterior y no "fijar" una nueva pensión. Arguyó que esta aclaración era necesaria por si en la eventualidad solicitaba una revisión de pensión alimentaria, no comenzara a transcurrir nuevamente el término prescriptivo de tres años. Además, alegó que tanto el crédito por pagos realizados, así como la reserva de ingresos reconocida al padre de los menores en la resolución eran demasiado altos.

Específicamente, señaló que **el inciso 16 de las determinaciones de hecho** que realizó la EPA en su Informe concluyó erróneamente que procedía la adjudicación de un crédito hasta el mes de mayo a razón de $ 2,207 mensuales. Puntualizó -y sustentó con prueba documental- que eso no era correcto ya que desde ese mes el recurrido comenzó a depositar $ 800 por pensión alimentaria a su cuenta

---

[6] Reglamento Núm. 8529, Administración para el Sustento de Menores, Departamento de la Familia, 30 de octubre de 2014.

[7] Esta reducción se debió al cambio en la custodia de los menores a una custodia compartida y el reembolso por los pagos que realizó al colegio de los menores. Véase *Solicitud de ajuste de pensión alimentaria ante cambio de custodia a custodia compartida*, Apéndice "C" de la petición de *certiorari*, Anejo XII, págs. 50-51.

bancaria.[8] Finalmente, sostuvo que la EPA no tomó en consideración el cambio sustancial en el ingreso del señor Schroder Muñoz. Este último se opuso a los planteamientos hechos por la peticionaria. No obstante, aceptó que procedía el ajuste en el crédito adjudicado.[9]

El **23 de agosto de 2016**, el Tribunal de Primera Instancia notificó una ***Resolución y Orden*** en la que atendió la moción de reconsideración. En cuanto a la solicitud para que se corrigiera el lenguaje utilizado, ordenó a la EPA que sometiera un proyecto de resolución que aclarara que la pensión fue "modificada" y no "fijada".[10] Respecto a si procedía reducir el crédito que reconoció al recurrido, ordenó a la EPA a considerar ese asunto. En cuanto a los demás planteamientos, los declaró *no ha lugar*.[11]

El **28 de octubre de 2016**, el foro primario notificó una ***Resolución Enmendada*** en la cual hizo contar que "modifica[ba] la pensión alimentaria a la cantidad de $789.10 mensuales".[12] En esa resolución entendió que procedía

---

[8] *Moción de reconsideración*, Apéndice "C" de la petición de *certiorari*, Anejo XXV, págs. 172-193. En cuanto a la reserva de ingresos la peticionaria entendió que no procedía el aumento de ésta ya que la pensión se estableció conforme a las *Guías para determinar y modificar las pensiones alimentarias en Puerto Rico* al amparo del reglamento anterior, a saber el Reglamento 7135 del 24 de abril de 2006.

[9] El recurrido reconoció que la Examinadora de Pensiones Alimentarias erróneamente tomó como punto de partida que este realizó pagos hasta junio de 2016 por $ 2,207. Señaló que para cada uno de los meses de mayo y junio depositó $ 800 por lo que en efecto procedía el ajuste. Véase *Oposición a reconsideración*, Apéndice "C" de la petición de *certiorari*, Anejo XXVI, págs. 194-196.

[10] *Resolución y Orden,* Apéndice "C" de la petición de *certiorari*, Anejo XXVII, pág. 198.

[11] *Íd*.

[12] En esta versión, el tribunal añadió que "la suma contempla pensión alimentaria básica y gastos suplementarios de libros,

un ajuste en el crédito reconocido al señor Schroder Muñoz por los pagos realizados. En consecuencia, redujo la cantidad del crédito que adjudicó en la resolución original a $ 29,880.20, pero mantuvo intacta la reserva de ingresos del recurrido.

El 7 de noviembre de 2016, la señora Otero Vélez compareció por derecho propio y solicitó la reconsideración de ese dictamen.[13] Sin embargo, el Tribunal de Primera Instancia la denegó y concluyó que "[l]a enmienda a la Resolución es a los únicos fines de recoger unas determinaciones hechas por la Examinadora de Pensiones luego de celebrada la vista correspondiente".[14]

El 28 de noviembre de 2016 la peticionaria acudió por derecho propio al Tribunal de Apelaciones mediante recurso de *certiorari*.[15] Alegó que el foro primario erró al modificar la pensión antes de haber transcurrido el periodo de tres años desde que se fijó originalmente y al no tomar en

---

materiales, uniformes, cafetería y deportes. Los pagos de matrícula y mensualidades de los colegios de los menores, se continua pagando conforme a la orden del tribunal del 18 de julio de 2014 notificada al (sic.) 20 de agosto de 2014".

[13] La peticionaria también solicitó la paralización de los procedimientos hasta conseguir representación legal. Entre otras cosas, señaló que le ha resultado muy oneroso conseguir quien la represente por los altos costos y gastos que requiere la educación universitaria de su hijo menor quien se encuentra residiendo en Estados Unidos. No obstante, el Tribunal de Primera Instancia denegó la solicitud. Véanse *Moción solicitando prórroga en notificación de nueva representación legal y reconsideración de sentencia enmendada*, y *Resolución y Orden* del 9 de noviembre de 2016, Apéndice "C" de la petición de *certiorari*, Anejo VI, pág. 24 y Anejo VIII, pág. 32, respectivamente.

[14] *Resolución y Orden* de 9 de noviembre de 2016, Apéndice "C" de la petición de *certiorari*, Anejo VIII, pág. 32.

[15] El término vencía el 27 de noviembre de 2016 pero al ser domingo la fecha de vencimiento se extendió al próximo día laborable, conforme a la Regla 68.1 de las Reglas de Procedimiento Civil de 2009.

consideración el aumento en los ingresos del recurrido y la reducción en sus ingresos.

Por su parte, el señor Schroder Muñoz presentó una moción de desestimación. Arguyó que el recurso se presentó de forma tardía, ya que el término para recurrir al foro apelativo comenzó a transcurrir desde la notificación de la *Resolución y Orden* de 23 de agosto de 2016 que atendió la moción de reconsideración y no desde la notificación de la *Resolución Enmendada* emitida el 28 de octubre de 2016. En la alternativa, adujo que la presentación del recurso no se notificó oportunamente.

El 30 de enero de 2017,[16] el foro apelativo intermedio desestimó el recurso de la peticionaria. Entendió que la *Resolución enmendada* constituyó una enmienda *nunc pro tunc* para corregir un defecto de forma. Concluyó que mediante ésta no comenzó a transcurrir un nuevo término para recurrir al Tribunal de Apelaciones, ya que recogía lo resuelto mediante la *Resolución* del 23 de agosto de 2016.[17] Razonó que la señora Otero Vélez tenía hasta el 26 de septiembre de 2016 para presentar su reclamo y no lo hizo. En consecuencia, resolvió que se presentó de forma tardía y sin justa causa para ello.

---

[16] La peticionaria no incluyó copia del volante de notificación en el apéndice de su recurso. Sin embargo, alegó que la resolución se notificó electrónicamente el mismo día que se emitió.

[17] La Jueza Domínguez Irizarry emitió un voto concurrente en el que hizo constar que procedía desestimar el recurso por el incumplimiento con el requisito de notificación a la parte recurrida sin mediar justa causa.

En desacuerdo aún, el 28 de febrero de 2017, la peticionaria acudió ante nos mediante un recurso de *certiorari.* En síntesis, alegó que el foro apelativo intermedio erró al determinar que no tiene jurisdicción para atender la apelación de la *Resolución Enmendada.* Adujo que ese foro resolvió incorrectamente que el término para apelar una resolución puede aplicar a algunos aspectos de la resolución dejando otros sin determinar, a pesar de que las determinaciones están relacionadas entre sí.

Por su parte, el recurrido presentó *Oposición a alegato de la parte peticionaria.* En esencia, esbozó los mismos argumentos que había planteado previamente.[18] Añadió, que la peticionaria no apeló las determinaciones que fueron denegadas en la *Resolución y Orden* -que atendió la moción de reconsideración- en el término que tenía para ello. Además, sostuvo que las enmiendas fueron de naturaleza *nunc pro tunc*, que no van a la sustancia de la resolución, por lo que estas se retrotraen a la fecha de la resolución original.

Contando con el beneficio de las comparecencias de ambas partes procedemos a resolver.

## II

La controversia ante nuestra consideración requiere que repasemos algunas disposiciones de nuestro ordenamiento procesal relativas a las determinaciones de alimentos, la moción de reconsideración, la solicitud de enmiendas a las

---

[18] *Íd.*, pág. 8.

determinaciones de hecho y la corrección de defectos de forma mediante enmienda *nunc pro tunc*. Veamos.

### A. *Determinaciones de alimentos o custodia*

Los casos de familia están permeados del más alto interés público y tienen, además, un carácter *sui géneris*.[19] En virtud de lo anterior, hemos expresado que las determinaciones de alimentos y de custodia de menores no constituyen propiamente cosa juzgada, ya que están sujetas a revisión judicial en el tribunal de instancia si ocurre un cambio en las circunstancias que así lo justifique, siempre, claro está, tomando en consideración los mejores intereses y el bienestar de los menores.[20] Por lo tanto, estos dictámenes nunca son estrictamente finales ni definitivos.[21] Siempre están sujetos a cambio, según varíen las circunstancias del alimentista o del alimentante.[22] A tales efectos, como tales dictámenes adjudican una reclamación entre las partes, en *Figueroa v. Del Rosario*, 147 DPR 121 (1998), este Tribunal resolvió que constituyen sentencias apelables.

### B. *Moción de reconsideración*

Las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V., establecen varios procedimientos posteriores a la sentencia que tienen el propósito de corregir o modificar

---

[19] *Figueroa v. Del Rosario*, 147 DPR 121 (1998), citando a *Santana Medrano v. Acevedo Osorio*, 116 DPR 298 (1985); *Centeno Alicea v. Ortiz*, 105 DPR 523 (1977).

[20] *Íd.*

[21] *Figueroa v. Del Rosario*, 147 DPR 121, 128-129 esc. 7-8 (1998).

[22] *Negrón Rivera y Bonilla, Ex parte*, 120 DPR 61, 73 (1987).

los errores que se hubieren cometido. Precisamente, la moción de reconsideración es uno de los mecanismos que nuestro ordenamiento jurídico provee para que una parte adversamente afectada por una determinación judicial solicite al tribunal que considere nuevamente su decisión.[23] Esta persigue conceder al tribunal que dictó la sentencia o resolución la oportunidad de rectificar cualquier error que hubiese cometido.[24]

En lo pertinente, la Regla 47 de Procedimiento Civil, *supra*, dispone lo siguiente:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde el archivo en autos de la copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> (. . . . . . . .)
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzaran a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

---

[23] *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 448 (2016), *Constructora Estelar v. Aut. Edif. Pub.*, 183 DPR 1, 24 (2011). Véase, además, J. Cuevas Segarra, *Tratado de Derecho Procesal Civil* (L. Abraham y P. Abraham, eds.), 2da ed., Pubs. JTS, 2011, T. IV, pág. 1366.

[24] *Patiño Chirino v. Parador Villa Antonio*, *supra,* pág. 448; *Mun. Rincón v. Velázquez Muñiz,* 192 DPR 989, 996 (2015); J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* 1ra ed. rev., 2012, pág. 271.

> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.

Los términos para recurrir en alzada se interrumpen una vez se presenta la moción. Hemos expresado que cuando se trata de una moción de reconsideración el término de treinta días para presentar la petición de revisión de una sentencia comienza a transcurrir desde la fecha en que se archiva en autos la copia de la notificación de la resolución del Tribunal de Primera Instancia que **resuelve definitivamente** la moción de reconsideración.[25] En cuanto al requisito de notificación de la moción de reconsideración, en *Rivera Marcuccio et al. v. Suiza Dairy*, 196 DPR 157 (2016), resolvimos que está supeditado a la determinación que haga el tribunal sobre si hubo justa causa por la demora.

Cónsono con lo antes expuesto, la Regla 52.2 de Procedimiento Civil, *supra*, dispone que el término para presentar un recurso de *certiorari* para revisar las resoluciones u órdenes del Tribunal de Primera Instancia es de cumplimiento estricto y comenzará a transcurrir treinta días desde el archivo en autos de la copia de la notificación de la resolución u orden recurrida. En el caso de la apelación, la Regla 52.2(a) de Procedimiento Civil, al

---

[25] *De León Velázquez v. Frito Lay's, Inc.,* 107 DPR 46, 49-50 (1978). (Énfasis nuestro).

igual que la Regla 13(A) del Reglamento del Tribunal de Apelaciones, establecen un término jurisdiccional de treinta días contados desde el archivo en autos de copia de la notificación de la sentencia dictada para presentar un recurso de apelación ante el Tribunal de Apelaciones.

### C. Solicitud de enmiendas o determinaciones iniciales o adicionales a las determinaciones de hechos

Las Reglas de Procedimiento Civil de 2009 también disponen para que una parte, mediante la solicitud de enmiendas a las determinaciones de hecho o a las determinaciones de hecho adicionales, solicite al tribunal que determine hechos específicos y consigne conclusiones de derecho. Ello, cuando considere que la sentencia no contiene los asuntos que, a juicio del promovente, fueron probados y las cuestiones sustanciales relacionadas a las determinaciones de hecho pertinentes o conclusiones de derecho.[26]

En cuanto a las enmiendas a las determinaciones formuladas por el foro judicial o aquellas determinaciones de hechos adicionales rige la Regla 43. Esta dispone lo siguiente:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que

---

[26] *Andino v. Topeka, Inc.*, 142 DPR 933, 938-939 (1977); Véase, además, Echevarría Vargas, *op. cit.*, pág. 272.

éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2 de este apéndice, o podrá enmendar o hacer determinaciones adicionales y podrá enmendar la sentencia en conformidad. **Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, <u>éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera</u>**. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado una moción para enmendarlas, o no haya solicitado sentencia.

La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal. El término para notificar será de cumplimiento estricto. (Énfasis nuestro)

En este sentido, una parte insatisfecha con una sentencia puede solicitar determinaciones adicionales o enmiendas a las determinaciones de hecho por el tribunal en un solo escrito y en el término de quince días a partir del archivo en autos de copia de la notificación de la sentencia.[27]

En lo pertinente, la regla también dispone que cuando una parte presenta una solicitud de enmiendas y una moción de reconsideración en un mismo escrito, **el tribunal deberá resolver todas las cuestiones presentadas y emitir <u>una sola resolución</u>** de modo que empiece a transcurrir un único nuevo

---

[27] La disposición a la que hacemos referencia se incluyó luego que en el 2009 se enmendaron las Reglas de Procedimiento Civil y se uniformaron los términos para presentar una moción de reconsideración y una solicitud de determinaciones de hechos adicionales. Véase Echevarría Vargas, *op. cit.*, págs. 273-274.

**término.**[28] Cabe destacar que la presentación de esta moción interrumpe el término jurisdiccional de treinta días para recurrir en alzada.

A tales efectos cuando se solicita al tribunal que enmiende sus determinaciones de hecho, **el término para recurrir al foro apelativo intermedio comienza a transcurrir desde la notificación de la resolución que resuelve la moción o la sentencia enmendada.** Específicamente la Regla 43.2 establece lo siguiente:

> La moción de enmiendas o determinaciones adicionales deberá exponer con suficiente particularidad y especificidad los hechos que la parte promovente estime probados, y debe fundamentarse en cuestiones sustanciales relacionadas con determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> Presentada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedará interrumpido el término para apelar, para todas las partes. **<u>Este término comenzará a transcurrir nuevamente tan pronto se notifique y archive en autos copia de la resolución declarando con lugar, o denegando la solicitud o dictando sentencia enmendada, según sea el caso</u>. Si la fecha del archivo en autos de copia de la notificación de la resolución o sentencia enmendada es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.** (Énfasis nuestro).

Cabe destacar que esta regla se enmendó en el 2009 para incluir lo subrayado al texto de la regla, según lo sugirió el Comité Asesor.[29] Así, cuando la parte que solicita las

---

[28] Véase *Informe de Reglas de Procedimiento Civil*, Secretariado de la Conferencia Judicial y Notarial, Diciembre de 2007, pág. 524.

[29] *Íd.*, págs. 525-526.

determinaciones adicionales, las enmiendas a éstas o, cuando cumple con los requisitos exigidos por la referida regla y su jurisprudencia interpretativa, los términos para ir en apelación comienzan a decursar nuevamente a partir del archivo en autos de la copia de la notificación de las determinaciones y conclusiones solicitadas.[30]

Finalmente, es pertinente puntualizar que en áreas de interés público, los tribunales tienen la obligación judicial de pasar juicio sobre la naturaleza de las circunstancias y evaluar el remedio a conceder o lo que proceda en derecho independientemente de la forma en que se solicite.[31] Por lo tanto, una solicitud de enmienda a las determinaciones de hechos presentada en un escrito titulado "Moción de reconsideración" debe considerarse como tal independientemente de cómo se nombre el recurso.

### D. Las enmiendas nunc pro tunc

La Regla 49.1 de Procedimiento Civil dispone que los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en éstas por inadvertencia u omisión, podrán corregirse por el tribunal mediante una enmienda *nunc pro tunc* en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordena.[32] Este Tribunal ha reiterado

---

[30] Cuevas Segarra, *op. cit.*, págs. 1264-1265.

[31] Véanse *Magriz v. Empresas Nativas*, 143 DPR 63, 73 (1997); *Negrón Rivera y Bonilla, Ex parte, supra*, págs. 72-73; *Granados v. Rodríguez Estrada*, 124 DPR 1, 46 (1989).

[32] 32 LPRA Ap. V.; *Security Ins. Co. v. Tribunal Superior,* 101 DPR 191, 202 (1973).

que las enmiendas encaminadas a corregir este tipo de error son de naturaleza *nunc pro tunc*, es decir, que se retrotraen a la fecha de la sentencia o resolución original.[33] Éstas siempre deberán estar sostenidas por el expediente del tribunal y no podrán menoscabar los derechos ya adquiridos por cada litigante cuando ha transcurrido en exceso el término dispuesto para apelar o solicitar revisión. Es decir, no procede una enmienda *nunc pro tunc* para corregir errores de derecho, por afectar derechos sustantivos de las partes. El criterio rector es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, sino la corrección de una mera inadvertencia.[34]

### III

El asunto ante nuestra consideración se circunscribe a determinar si el dictamen que emitió el Tribunal de Primera Instancia mediante *Resolución enmendada* notificada el 28 de octubre de 2016 -sobre el ajuste y la disminución en el crédito concedido al recurrido- constituyó una enmienda de

---

[33] *Vélez v. A.A.A.*, 164 DPR 772, 791 (2005); *S.L.G. Coriano-Correa v. K-mart Corp.*, 154 DPR 523, 530 (2001); *Security Ins. Co. v. Tribunal Superior, supra*, pág. 202. Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta ed., San Juan, Lexis Nexis de Puerto Rico, 2017, págs. 464-465; Cuevas Segarra, *op. cit.*, pág. 781.

[34] Entre los errores de forma más comunes se encuentran los errores clericales u oficinescos, los errores mecanográficos, los errores en nombres de personas, lugares, fechas, números o cifras. Véanse *Vélez v. A.A.A., supra*, pág. 792; *S.L.G. Coriano-Correa v. K-mart Corp., supra*, pág. 530; Hernández Colón, *op. cit.*, pág. 465.

En *S.L.G. Coriano-Correa v. K-mart Corp., supra*, ejemplificamos algunos de los errores de forma que pueden enmendarse bajo la Regla 49.1. Entre ellos están los siguientes: añadir una condena entregar frutos luego que se ha reconocido el derecho de propiedad de una parte; dar descripción completa en la sentencia de una propiedad en disputa; conceder costas en la sentencia luego que éstas han sido reconocidas en la Opinión.

forma *nunc pro tunc* de la *Resolución y Orden* notificada el 23 de agosto de 2016. De tal conclusión corresponde resolver si el Tribunal de Apelaciones tenía jurisdicción para atender los errores señalados por la peticionaria en el recurso de *certiorari*. Veamos.

El foro de primera instancia fijó mediante *Resolución* de 8 de julio de 2016, notificada el 12 de julio de 2016, la pensión alimentaria que el señor Schroder Muñoz debía satisfacer para sus dos hijos menores de edad. También reconoció a éste un crédito por $ 31,862.29 y una reserva de ingresos de $ 615. El 27 de julio de 2016 –dentro del término prescriptivo de quince días- la señora Otero Vélez presentó una moción titulada *Moción de reconsideración*. Solicitó al Tribunal de Primera Instancia que enmendara la referida resolución y aclarara el lenguaje que utilizó para que no se afectara su derecho a solicitar revisión de pensión alimentaria en el término que tenía para ello. Además, requirió que se corrigiera el cálculo de la cuantía correspondiente al crédito que se le reconoció al recurrido y solicitó que reconsiderara la cuantía sobre la reserva de ingresos que se le adjudicó.[35]

Así las cosas, el **23 de agosto de 2016,** el tribunal sentenciador notificó una ***Resolución y Orden*** en la que

---

[35] Aunque la parte peticionaria denominó el recurso como moción de reconsideración, este contenía una solicitud de enmiendas a las determinaciones de hecho. En concordancia con lo que hemos expresado en múltiples ocasiones el nombre no hace la cosa. Véase *Batista, Nobbe v. Jta.* Directores, 185 DPR 206 (2012); *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545 (2009).

atendió <u>parcialmente</u> la moción de reconsideración. En la correspondiente resolución dispuso que la EPA debía someter un proyecto de resolución que aclarara que la pensión fue "modificada" y no "fijada". Por otro lado, le ordenó considerar si procedía reducir el crédito que se le reconoció al recurrido por pagos realizados, por lo que quedó pendiente este asunto. En cuanto a los otros aspectos de la solicitud de revisión, los declaró "no ha lugar". El **28 de octubre de 2016**, mediante ***Resolución Enmendada*** el foro primario notificó a las partes que, en efecto, procedía un ajuste en el crédito impugnado por la peticionaria. En consecuencia, modificó la cuantía y disminuyó el crédito a $ 29,880.29.

Nótese que aquí no se trata de un mero error oficinesco o una inadvertencia en el dictamen en cuanto al ajuste que correspondía adjudicar. Contrario a lo que sostiene el foro apelativo intermedio, la enmienda tampoco se limitó a recoger unas determinaciones hechas por la EPA. En este caso, el foro de primera instancia ordenó a esta última que considerara el planteamiento de la peticionaria, examinara nuevamente la prueba y determinara si ésta tenía derecho a pagar una cantidad menor a la que se adjudicó en la resolución original. Por lo tanto, es mediante la resolución enmendada que la parte peticionaria quedó debidamente informada sobre lo resuelto en el único asunto que quedó pendiente. En ese sentido, fue mediante esa resolución que

el tribunal comunicó a las partes su determinación al respecto.

En casos como el que nos ocupa, el Tribunal de Primera Instancia tiene el deber de resolver todas las cuestiones presentadas y emitir una sola resolución para que empiece a transcurrir un único término. Así lo exige el debido proceso de ley en su vertiente procesal y, de ese modo, lo hemos sostenido. Es a través de la notificación adecuada -del resultado de la adjudicación de una moción de reconsideración y de una solicitud de determinaciones de hechos iniciales o adicionales- que la parte afectada puede enterarse de la decisión final que se ha tomado en su contra.[36]

Luego de un análisis sosegado del expediente, entendemos que el foro de primera instancia, al atender el asunto ante su consideración, no actuó conforme lo que establecen las disposiciones procesales que rigen nuestro ordenamiento. Por lo tanto, resolvemos que el término para recurrir al Tribunal de Apelaciones comenzó a transcurrir desde que se notificó la *Resolución enmendada*, el 28 de octubre de 2016, que a su vez resolvió la moción de reconsideración en su totalidad. Un balance racional, justiciero y jurídico nos lleva a concluir de esta manera. Conforme a lo anterior, colegimos que el foro apelativo intermedio tiene jurisdicción para atender los

---

[36] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 255 (2016); *Dávila Pollock v. RF Mortgage*, 182 DPR 86 (2011).

planteamientos que la peticionaria esbozó en la petición de *certiorari*.

## IV

Por los fundamentos antes expuestos se revoca la determinación del Tribunal de Apelaciones. En consecuencia, se devuelve el caso al foro apelativo para que éste evalúe si la peticionaria notificó a tiempo la presentación del recurso a la parte recurrida y, en su caso, continúe con los procedimientos conforme a lo aquí resuelto.

Se dicta sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Shirley Ann Otero Vélez

    Peticionaria

       v.

Víctor L. Schroder Muñoz       CC-2017-0156

    Recurrido

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de abril de 2018.

Por los fundamentos antes expuestos se revoca la determinación del Tribunal de Apelaciones. En consecuencia, se devuelve el caso al foro apelativo para que éste evalúe si la peticionaria notificó a tiempo la presentación del recurso a la parte recurrida y, en su caso, continúe con los procedimientos conforme a lo aquí resuelto.

Lo pronunció y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre sin opinión escrita y la Jueza Asociada señora Pabón Charneco no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo